STATE of Missouri,
Plaintiff–Respondent,

v.

David EDWARDS, Defendant–Appellant.

No. 70003.

Supreme Court of Missouri,
En Banc.

May 17, 1988.

Lew A. Kollias, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

Appellant David Edwards suffered a jury conviction of two counts of forgery, Section 570.090, RSMo 1986, and two counts of receiving stolen property, Section 570.080, RSMo 1986. The trial court found appellant to be a persistent offender, Section 558.016, RSMo 1986, sentenced him to consecutive twelve-year terms of imprisonment on each forgery count and a concurrent sentence of one year for the receiving stolen property offense. On appeal, appellant does not challenge the sufficiency of the evidence supporting his conviction but contends (1) that the trial court erred in giving an instruction based on MAI–CR2d 3.60 and should have submitted an instruction patterned on MAI–CR2d 3.58; (2) that he was erroneously sentenced as a persistent offender, and (3) that he was denied his right to a speedy trial.

The Court of Appeals, Eastern District, found prejudicial error in the giving of MAI–CR2d 3.60, reversed appellant's conviction and remanded for a new trial. A three-judge panel heard this appeal for the Eastern District. On the persistent offender issue, the author of the principal opinion held that appellant was a persistent offender within the meaning of Section 558.016.3. Two judges joined a separate concurring opinion taking a contrary view. The panel transferred the cause to this Court "because of the general interest and impor-

tance of the persistent offender question". Mo. Const. art. V, § 10.

■ We conclude it improvident to reach the persistent offender question given the necessity of reversal of appellant's conviction. We adopt the portions of the opinion of The Honorable John J. Kelly, Jr., relevant to the reversal on instructional error without further attribution. The conviction is reversed and the cause remanded for new trial.

## I.

On July 27, 1985, Mike Grayson, a sales clerk working at the Desloge Wal–Mart was told to "watch for" a credit card bearing the name Arthur Blair. Later that day, appellant presented Arthur Blair's credit card to Grayson to purchase a battery and two quarts of motor oil. Appellant signed the name "Arthur Blair" on the credit card slip and Grayson called the assistant manager, who took the credit card and slip back to the office for a credit check.

Meanwhile, David Pratte, the security officer for Wal–Mart, walked over to the checkout lane to observe appellant. A few minutes later, appellant went to the stockroom area, and then proceeded toward the front of the store. Pratte and appellant remained at the front of the store, near the service desk when the manager told Pratte that the credit card which appellant had presented to Grayson had been stolen.

Shortly thereafter, Chris Gremminger, a City of Desloge police officer, arrived at Wal–Mart. Appellant initially gave Officer Gremminger permission to search his van, but changed his mind before he left the store. Officer Gremminger approached the van, and noticed several Wal–Mart bags in the rear of the van. The van was later impounded, and a more extensive search revealed another credit card bearing the name "Betty Brubaker." Additionally, the police found a receipt dated July 27, 1985, from the Wal–Mart store located in Flat River. The receipt, signed by appellant, bore the name of Arthur Blair.

Appellant was subsequently arrested and charged with two counts of forgery and two counts of receiving stolen property.

At trial, appellant testified in his own defense. He stated that Arthur Blair offered him the use of the credit card, and therefore Blair's credit card was not stolen.

The jury found appellant guilty as charged. On October 3, 1986, the court set aside a verdict of one count of misdemeanor receiving stolen property. The trial court, having found him to be a persistent offender, sentenced appellant to an enhanced term of twelve (12) years on each count of forgery and a concurrent sentence of one (1) year for the receiving stolen property offense.

Appellant was charged as a persistent offender in an information filed April 22, 1986, which alleged appellant entered two guilty pleas to felony stealing on August 13, 1984. Prior to trial, the state offered Exhibit 37, a guilty plea transcript from the pleas entered on August 13, 1984, in Crawford County. The guilty plea transcript revealed that on August 6, 1983, appellant broke into two separate vehicles parked on the Meramec River, and removed a credit card from each of the two vehicles without the consent of the owners. Both credit cards were stolen within a ten-minute time span.

After hearing the evidence, the trial court found appellant to be a persistent offender, in that the two offenses of stealing were committed at different times within the meaning of the persistent offender statute. Section 558.016.3.

## II.

■ Appellant contends that the trial court erroneously gave an instruction patterned upon MAI–CR2d 3.60, in that the instruction told the jury it could rely on evidence of related crimes to determine appellant's intent to commit the charged offenses. Appellant urges that the trial court erred by failing to submit an instruction patterned upon MAI–CR2d 3.58, rather than MAI–CR2d 3.60, which instructs the jury that it can rely on evidence of unrelated crimes for the *sole purpose* of de-

ciding the issue of believability of the defendant and the weight to be given to his testimony.

The instruction submitted by the trial court reads as follows:

## INSTRUCTION NO. 5

If you find and believe from the evidence that the defendant was convicted of offenses other than the ones for which he is now on trial, you may consider that evidence on the issue of intent of the defendant and you may also consider such evidence for the purpose of deciding the believability of the defendant and the weight to be given to his testimony. You may not consider such evidence for any other purpose.

MAI–CR2d 3.60.

The notes on the use of MAI–CR2d 3.58 and MAI–CR2d 3.60 read as follows:

a. For convenience, prior crimes committed by the defendant will be referred to as either "related" or "unrelated." By the phrase "related crimes" is meant those which may go to show intent, motive, etc. Such crimes may be shown by the state as substantive evidence of guilt of the crime on trial, whether the defendant testifies or not. See MAI–CR 3.60. In addition, if defendant takes the stand as a witness, proof of *conviction* of "related crimes" may be considered as impeaching his credibility as a witness.

By the phrase "unrelated crimes" is meant those the *conviction* for which may be considered solely for the purpose of impeaching the credibility of the defendant if he testifies.

b. If the defendant testifies and if there is evidence that defendant was convicted of an "unrelated crime" and if there is no evidence that defendant was either convicted of or involved in a "related crime," then only MAI–CR 3.58 should be given.

We must first address whether appellant's previous crimes are "related" or "unrelated." Appellant suggests that his previous convictions involving thefts of credit cards were "completely unrelated to the current charges, taking place nearly two years before the charged offenses." Therefore, appellant contends that since his previous convictions are not related to the current charges, the trial court erred by submitting an instruction which should only be used when the previous crimes are "related." We agree the instruction is erroneous.

The definition of "related" is included in the notes on the use of MAI–CR2d 3.58 and 3.60 as those crimes which may go to show intent, motive, etc. MAI–CR2d 3.60 instructs the jury that it may consider the evidence of the related crimes on the issue of identification, motive, *intent*, absence of mistake or accident, or presence of a common scheme or plan.

Respondent contends that "related" means "similar to," and clearly by this definition, the previous convictions are "related" in that both appellant's prior convictions and current charges are for credit card theft. We disagree.

In *State v. Reed*, 447 S.W.2d 533 (Mo. 1969), defendant was charged with selling marijuana to a state's informant on July 12, 1967. At trial the state introduced evidence that defendant sold marijuana to the same state's informant on June 14, 1967.

On appeal, defendant contended that the trial court erred in permitting the state to introduce evidence of separate and distinct crimes which were unrelated to the cause on trial.

This Court reversed appellant's conviction and held that the previous drug sale and current drug sale were unrelated. The Court stated:

Proof of the separate and distinct sale on June 14 did not tend to prove any material fact in issue concerning the sale on July 12. It was not relevant to prove the identity of defendant. [Citation omitted]. The proof of the sale on June 14 did not show acts which were so related to the sale on July 12 that the proof of the first tended to establish the latter, and the act of the sale on July 12, if defendant made such sale, needed no ex-

planation to indicate motive or intent. [Citation omitted].

*Id.* at 534[2].

The situation here is analogous because the proof of appellant's previous credit card thefts in 1983 did not tend to prove a material fact in issue concerning the credit card theft in 1985. Appellant's previous convictions were not relevant to show the identity of appellant. Nor did the proof of appellant's credit card thefts in 1983 show acts which were so related to the current crime two years later, that the proof of the first tended to establish the latter.

The state asserted that it was entitled to demonstrate appellant's intent to commit the current crime with proof of these prior crimes. We find such evidence after a two-year time lapse too tenuous to establish appellant's intent to commit the current crime. To permit intent to acquire the broad evidentiary scope argued by the state opens the door exposing appellant to any similar convictions in his past. Although the state argued that the previous convictions established intent, we believe appellant's previous convictions are more accurately characterized as proof of appellant's propensity to commit credit card fraud.

Had the state determined appellant's prior convictions were substantive evidence of his intent to commit the current crime, such evidence is properly introduced in its case in chief, regardless of defendant's decision to testify. Here, evidence of appellant's prior crimes surfaced during cross-examination. The state's delay in its timing for introduction of appellant's prior crimes reinforces our belief that this evidence was proper solely for impeachment purposes.

While evidence of overwhelming guilt may in some instances overcome the giving of an erroneous instruction, the evidence here does not. *See State v. Parker,* 617 S.W.2d 83, 85[1] (Mo.App.1981). Here, the prior crimes shown clearly permit the jury to convict appellant on the mere propensity to commit credit card fraud. We find that the trial court erred by submitting MAI–CR2d 3.60 rather than MAI–CR2d 3.58, be-cause the jury should not have been able to consider appellant's previous convictions to establish appellant's intent to commit the current crime. The instruction error claimed by appellant requires reversal.

### III.

■ We now address appellant's contention that he was denied his right to a speedy trial.

Appellant was arrested for the current charges on July 27, 1985. On October 22, 1985, appellant was bound over for trial and the case was certified to the circuit court for trial. The case was passed to December 13, 1985, for trial setting by agreement of the parties and later passed to January 3, 1986. On January 30, 1986, appellant filed a motion demanding a speedy trial.

Trial was then set for February 12, 1986. The trial was postponed because the state was unable to obtain service on an out of state witness.

Trial was then set for April 28, 1986. On that date, prior to the selection of the jury, a mistrial was declared because of a bomb threat. The case was then set for July 16, 1986, which was not convenient for defense counsel. The case was set and tried on August 7, 1986.

The defendant's right to a speedy trial is founded upon the Sixth Amendment of the United States Constitution and Mo. Const. art. I, § 18(a). Whether such right has been violated depends upon a consideration of certain factors set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker,* the Supreme Court identified a four-factor balancing test, in which the conduct of both the state and the defendant are weighed to determine whether the defendant was denied his right to a speedy trial. The factors are:

(1) length of delay;

(2) the reason for the delay;

(3) the defendant's assertion of his right to a speedy trial; and

(4) the prejudice to the defendant resulting from the delay.

A total of 190 days passed from the date appellant filed a motion demanding a speedy trial until the trial on August 7, 1986. The delay was approximately one year from the date of appellant's arrest until his trial. A lengthy delay, alone, does not necessarily result in a denial of the constitutional right to a speedy trial so as to require reversal. *Barker*, 92 S.Ct. at 2192.

Analysis of the final factor, whether the delay actually prejudiced appellant, is dispositive of his claim. Appellant asserts that the lengthy delay disrupted his life and contributed to his anxiety and concern pending the disposition of the charges. "The resulting prejudice to require reversal must be actual prejudice apparent on the record or by reasonable inference—not speculative or possible prejudice." *State v. Nelson*, 719 S.W.2d 13, 19[12] (Mo.App. 1986).

Appellant's claim that the lengthy delay disrupted his life is merely speculative. Appellant has failed to show any prejudice apparent on the record. The point is denied.

The judgment is reversed and the cause remanded for a new trial.

All concur.