**STATE of Missouri, Respondent,**

v.

**Dale A. HELM, Appellant.**

**Dale A. HELM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 63169 and 65305.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 27, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied
March 21, 1995.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals after a jury convicted him of burglary in the second degree in violation of Sec. 569.170, RSMo.1986. Defendant was sentenced as a persistent offender to ten years' imprisonment to run consecutively to another sentence for which he was already in prison. Also consolidated within this appeal, Defendant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We reverse and remand for a new trial.

Defendant does not challenge the sufficiency of the evidence on appeal. The facts viewed in the light most favorable to the verdict reveal that on December 1, 1991 at approximately 3:20 a.m., a silent alarm summoned police to the Bonne Terre Eagles Lodge. Upon observing the exterior of the building, the officers noticed the window to a rest room had been pushed inside. Outside the window area were a coat, hat, bottle of soda, and an empty beer bottle. The officers could hear the voices of Defendant and codefendant Donald Cross, who were inside the building.

The officers apprehended Defendant and Cross, who apparently did not realize they set off the alarm, as they were leaving the lodge through the front door. Two small items were discovered missing from the lodge, those being a flashlight from the bar and a knife from the kitchen. Both items were in the possession of Cross. Defendant possessed no lodge property when he was apprehended.

Defendant testified at trial on his own behalf as the only defense witness. He testified he did not enter the lodge with the intent to steal, but only wanted to get warm because it was cold outside. Defendant and Cross were previously driving around in Cross' vehicle in an intoxicated condition. The car got stuck, and the two were walking to town. Defendant did not want to go into town until he became sober, because he was on parole and worried that in his intoxicated state he would risk a potential parole violation.

Prior to trial, Defendant filed a Motion in Limine in which he argued the State should not be allowed to mention his prior burglary convictions unless he testified. The trial court denied his motion.

In Defendant's first point on appeal, he states the trial court erred when it overruled his Motion in Limine. In this motion, Defendant sought to prevent the State from mentioning his two prior burglary convictions and details of those crimes during any phase of the trial, unless he chose to testify. The trial court accepted the State's argument that the evidence tended to establish Defendant's intent to commit the current crime for which he was on trial and overruled Defendant's motion. Defendant now argues the State used the evidence of the prior crimes merely to show Defendant's propensity to burglarize and his criminal disposition. We agree.

Initially we note the trial court's decision concerning Defendant's Motion in Limine is a non-appealable interlocutory ruling. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992); *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App.1992). However, since Defendant renewed his objection at trial, the matter is properly preserved. *Id.* Therefore, on appeal we treat Defendant's first point as challenging the trial court's ruling during trial, and not at the point of its ruling on the pre-trial motion. *Id.*

A trial court operates within a wide latitude of discretion when determining the admissibility of evidence. *Id.; State v. Gola*, 870 S.W.2d 861, 867 (Mo.App.W.D.1993). The trial court can best decide whether or not to admit evidence of other crimes, for it can best determine whether the relevance is outweighed by any potential prejudice. *Id.* However, when a trial court abuses its discretion, we will not hesitate to overturn its ruling. *Henderson*, 826 S.W.2d at 374. As a general rule, evidence of previous unrelated crimes is inadmissible, unless it "has a legiti-

mate tendency to establish a defendant's guilt of the crime charged." *Id.* There are exceptions to this general rule. For example, if the evidence tends to establish a defendant's intent in the present instance, such evidence of prior crimes may be admissible. *Id.* If the evidence is introduced merely to show the defendant's bad character or criminal disposition, the evidence should be excluded. *State v. Rose*, 727 S.W.2d 919, 921 (Mo.App.1987). Furthermore, trial courts should be wary of evidence of other crimes due to the highly prejudicial character of such evidence. *State v. Collins*, 669 S.W.2d 933, 936 (Mo. banc 1984). Evidence of other crimes should be utilized only when there is strict necessity. *Id.*

■ Defendant's attorney generally questioned the jury regarding prior crimes during voir dire and mentioned them during the opening statement. Twice during objections made by the State to Defendant's voir dire, it commented on the prior crimes, Defendant's intent or his being a habitual criminal.[1] The State then brought up the two prior burglaries during its opening statement, its case in chief, when cross-examining Defendant and during closing argument. The State also introduced as evidence copies of the judgment and sentence forms for the two prior burglary convictions.

It is the exception regarding Defendant's intent on which we focus our attention. Under the facts of this case, we believe the State stepped over the line from legitimately proving Defendant's intent to improperly proving Defendant's bad character and criminal propensity. *State v. Brooks*, 810 S.W.2d 627, 630 (Mo.App.1991). The two prior burglaries occurred on October 12, 1981 and March 14, 1990. The alleged burglary for which Defendant was on trial occurred December 1, 1991. We find the length of time between the prior offenses and the current

charge too tenuous. Further, the use of the prior offenses had the effect of establishing Defendant's propensity to commit burglaries as opposed to his intent to commit the present offense and thus constituted prejudicial error. *State v. Edwards*, 750 S.W.2d 438, 441 (Mo. banc 1988).

In *Edwards*, the Missouri Supreme Court found prior credit card thefts from 1983 too weak and tenuous as evidence to establish the defendant's intent with regard to a 1985 credit card theft charge. *Id.* at 441. "To permit intent to acquire the broad evidentiary scope argued by the state opens the door exposing appellant to any similar convictions in his past. Although the state argued that the previous convictions established intent, we believe appellant's convictions are more accurately characterized as proof of appellant's propensity...." *Id.* In the present case as in *Edwards*, the admission of the prior crimes evidence allowed the jury to convict Defendant "on the mere propensity to commit" burglaries. *Id.*

As evidence of Defendant's intent, the trial court allowed the jury to consider both prior burglaries, one at another Eagles Lodge, and one from 1981 at a technical school. While we hold neither was properly before the jury, we cannot see how the burglary at the technical school bore any relevance at all to the case at hand.

■ Additionally, during cross-examination, the State questioned Defendant about an indecent exposure municipal ordinance conviction which occurred in 1983. Municipal ordinance convictions are prohibited as impeachment tools. *State v. Keenan*, 779 S.W.2d 743, 746 (Mo.App.1989). This only exacerbated the existing prejudice. Defendant did not properly object to the municipal violation nor preserve it for our review; however, a plain error review is not necessary since we reverse and remand for other reasons.

---

1. During voir dire, defense counsel, in discussing Defendant's prior burglary convictions, asked if any of the prospective jurors would have a difficult time following the instructions about weight of evidence and credibility of evidence. At that point, the following exchange took place:

   [DEFENSE ATTORNEY]: How do you feel about that?

[VENIREMAN WOODS:] Well, just to be honest with you, if a guy's got an occupation he does it all the time.
[DEFENSE ATTORNEY]: So, you would assume that he's an habitual criminal?
[PROSECUTOR]: Your Honor, that's what we intend on proving, Your Honor. I think that just, well, never mind. Withdraw the objection.

The State argues since Defendant offered an innocent explanation for his seemingly criminal behavior, evidence of prior crimes may be used to show intent. *Rose,* 727 S.W.2d at 921. In *Rose,* the defendant took the stand providing the innocent explanation. In the present case, the State was allowed to bring in the prejudicial evidence from the very first phase of trial through to the trial's conclusion. The admission of the evidence at the outset of the trial placed Defendant in a position of having to testify in an attempt to undermine its prejudicial effect with his innocent explanation.

We do not know if Defendant would have testified were it not for the State's introduction of this evidence. However, the evidence certainly was not overwhelmingly in favor of the State. Defendant took nothing from the lodge. The co-defendant had a flashlight and a knife from the lodge on his person. Neither Defendant nor his co-defendant took money or anything of real value from the lodge and were already leaving the building when they were apprehended. It is entirely possible that but for the introduction of prior crimes evidence, Defendant would not have testified so as to avoid reference to his prior convictions.

Under these circumstances, Defendant's innocent explanation cannot now be used by the State as justification for bringing the improper evidence into the proceedings. Under the facts of this case, it was not possible for Defendant to have injected the issue of his intent by offering the innocent explanation.

The State also argues where the circumstances surrounding the criminal act and the evidence at trial are subject to several interpretations, one of which indicates innocence, the State may bring in evidence of prior convictions to establish intent. *Rose,* 727 S.W.2d at 921. However, this is certainly not an absolute rule of law. A trial court may exclude relevant, admissible evidence of other crimes if the potential prejudice is too great. *Id.* at 922.

We previously questioned the relevance of either prior burglary offense due to the length of time between them and the current offense. *See Edwards,* 750 S.W.2d at 411. We fail to see any relevance whatsoever in the technical school burglary due to the dissimilarity between it and the current charge. We believe the potential (and realized) prejudice to Defendant clearly outweighed any questionable relevance of the evidence.

The State also argues evidence of the prior burglaries was admissible to impeach Defendant because he testified. However, the State had already brought up the convictions during voir dire, its opening statement, and its case in chief. By the time the State cross-examined Defendant, he had already been prejudiced. This argument is therefore without merit and needs no further discussion.

Defendant's second and final point on appeal challenges the trial court's denial of his Rule 29.15 motion without an evidentiary hearing. In light of our ruling on Point I, we need not address this point on appeal.

We reverse and remand for a new trial.

GRIMM, C.J., and WHITE, J., concur.