**STATE of Missouri, Respondent,**

v.

**Samuel AYE, Appellant.**

**Samuel AYE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 65480, 68834.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 27, 1996.

David Simpson, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for Respondent.

HOFF, Judge.

A jury found defendant, Samuel Aye, guilty of cocaine possession pursuant to § 195.202 RSMo Cum.Supp.1992. The trial court found defendant to be a prior and persistent offender and sentenced him to ten years imprisonment. Defendant filed a Rule 29.15 motion for post-conviction relief which was denied after an evidentiary hearing. Defendant appeals the judgment entered upon his conviction by the jury and the motion court's denial of his Rule 29.15 motion.

On direct appeal, defendant contends the trial court erred by overruling his objections to the state's questioning of defendant regarding the details of his prior convictions and in giving a related instruction which allowed his prior convictions to be used as substantive evidence to show intent, absence of mistake, or knowledge. We reverse and remand for new trial.

Viewed in the light most favorable to the verdict, the state's evidence indicates that on November 26, 1992, two police officers observed defendant involved in what appeared to be drug transactions on the street. After defendant saw the officers approaching, he

placed a small bag in his mouth. When the officers asked him a question, he turned his head and spit out a bag containing individually wrapped rocks of cocaine.

Defendant testified in his own defense and admitted on direct examination that he had been convicted of crimes in the past. He testified that on March 9, 1989, he pled guilty to possession of cocaine in the City of St. Louis and was put on probation for one year. He also testified that on February 6, 1992, he was found guilty of possession of cocaine in the City of St. Louis and sentenced to five years probation.

During cross-examination, the state marked court records of defendant's prior convictions as exhibits and offered them into evidence. Defense counsel objected and the state reasoned the documents were offered for impeachment and credibility purposes as well as to show intent and knowledge. The court admitted the exhibits into evidence for the limited purpose of showing the cause numbers during cross-examination.

On cross-examination of the defendant, the following exchange occurred regarding defendant's prior convictions:

Q: But the cocaine and the pipe you had never seen before in that case?

A: In that trial the evidence bag was reopened and the rock was placed inside the bag of marijuana, and I did not take the witness stand.

Q: So somebody placed the evidence in there to frame you?

A: It was reopened.

Q: Is that what you are saying?

A: That's what I know.

Q: And this is the second time that's happened to you?

A: No. That is the first time.

Q: You are claiming today the officers planted cocaine on you, isn't that true?

A: Yes. This is the second time.

Q: What about the first time?

[DEFENSE COUNSEL]: Your Honor, I object to any further questioning along this line. It's irrelevant.

\* \* \* \* \* \*

[PROSECUTOR]: Yes, your Honor. It's relevant again because it goes to his knowledge and intent of what cocaine is.

\* \* \* \* \* \*

THE COURT: You are asking about the first time?

[PROSECUTOR]: Right. Does he know what cocaine is, does he know what crack is?

[DEFENSE COUNSEL]: Your Honor, I object. I don't think it goes specifically to that intent. The state is using that information for a prejudicial purpose and I ask the Court to preclude—

THE COURT: The objection is overruled.

A: What was the question again?

Q: [PROSECUTOR]: What about the first time, did you know it was cocaine the first time?

A: I had no knowledge it was in the bag of marijuana that I possessed.

Q: I am going to go back to the first time back in March of 1989 when you got probation.

A: That is what I just answered, the first time, didn't I? The marijuana, there was no marijuana involved in the trial that I was found guilty in.

Q: There was no—the trial?

A: Yes.

Q: There was marijuana?

A: Yes. The trial I was found guilty in there was marijuana involved, the '89 case. I pled guilty to it because I was persuaded by my public defender that I would get probation.

Q: This is my question[,] did you know it was cocaine the first time?

A: No, ma'am.

[DEFENSE COUNSEL]: Your Honor, I will object to that as being irrelevant.

THE COURT: Overruled.

Q: [PROSECUTOR]: You didn't know it was cocaine that time either?

A: No, ma'am, I did not know it was cocaine.

Q: Do you know what cocaine looks like?

A: Now I do.

[DEFENSE COUNSEL]: Your Honor, I will object to that as being irrelevant.

THE COURT: Overruled.

Q: You say now you do?

A: In the last four years I do.

Q: How do you know what cocaine looks like?

A: Because I saw it.

Q: At the trial?

A: Yes, ma'am.

Q: Do you know what rock cocaine looks like too?

A: Yes, Ma'am.

Q: And this is rock cocaine?

A: That's what they said it was. That's what it appears to look like to me.

Q: So the only times you have come to learn what cocaine is or rock cocaine is, is from the trials of this case, your first case in 1989 when your attorney persuaded you to plead guilty and in your second case when the police officer placed it in the bag with the marijuana?

[DEFENSE COUNSEL]: Your Honor, I object to that question as irrelevant and also a compound question.

THE COURT: Overruled.

Q: [PROSECUTOR]: That's how you come to know what cocaine is?

A: Yes, ma'am.

At this time, defense counsel made a motion for mistrial based on the state's elicitation of prejudicial details regarding defendant's prior convictions for purposes of proving intent or knowledge. The motion for mistrial was overruled.

Further objections regarding this issue were made during the instruction conference. Over defendant's objection, the trial court gave the following instruction to the jury.

If you find and believe from the evidence that the defendant was convicted of offenses other than the one for which he is now on trial, you may consider that evidence on the issue of intent and absence of mistake of the defendant and you may also consider such evidence for the purpose of deciding the believability of the defendant and the weight to be given to the testimony.

MAI–CR 3d 310.12.

The trial court further overruled defense counsel's continuing objection to the state's use of defendant's prior convictions to prove intent, absence of mistake, or knowledge during closing argument.

The following occurred during closing argument:

[PROSECUTOR]: Samuel Aye wants you to believe he has been mistreated by the system three times and here it is just happening to him again.

\*　　\*　　\*　　\*　　\*　　\*

[PROSECUTOR]: Would you try to hide something if you didn't think it was illegal? If you thought something was aspirin, would you try to hide it so the police wouldn't know? He has got two prior convictions. He knows cocaine is illegal.

[DEFENSE COUNSEL]: I will object at this time for the reasons I stated earlier.

THE COURT: Overruled.

[PROSECUTOR]: Those two prior convictions can be considered by you in determining whether or not you think he knows cocaine is illegal. I mean, not only is it pretty common, but he has two prior convictions. And the [c]ourts have told him in

the past that "You can't possess cocaine[."] And there is an instruction on that, Instruction No. 6, that says "You may consider that evidence on the intent and absence of mistake[."] Like "Oh, I thought it was aspirin or something like that[."] He knew this wasn't anything else. He knew it was cocaine. The instruction tells you that you can use it for that purpose. . . .

After deliberation, a jury found defendant guilty of the lesser included offense of illegal possession of cocaine, not the charged offense of illegal possession of cocaine with intent to deliver. After finding defendant to be a prior and persistent offender, the trial court sentenced him to ten years imprisonment. After a hearing, defendant's Rule 29.15 motion was denied. This consolidated appeal followed.

On direct appeal, defendant contends the state's cross-examination of defendant regarding details of his prior convictions was improper and inadmissible to establish defendant's intent to possess cocaine or his knowledge of cocaine in the instant offense.

■ Our review of this preserved issue is limited to a determination of clear abuse of trial discretion. *State v. Lane*, 613 S.W.2d 669, 679 (Mo.App.1981).

■ Pursuant to § 491.050 RSMo 1994, defendant's prior pleas of guilty may be used to impeach credibility in a criminal case. The scope of cross-examination is limited to prevent the cross-examiner from delving into the details of the crime leading to the prior conviction. *State v. Phelps*, 677 S.W.2d 418, 420 (Mo.App.1984). It is permissible, however, to elicit the nature, date, and place of each prior crime and the resulting sentence. *State v. Sanders*, 634 S.W.2d 525, 527 (Mo. App.1982).

In *Phelps*, the defendant admitted his prior convictions and resulting probations. 677 S.W.2d at 421. The state went into great detail regarding Phelps' prior convictions. *Id.* This Court reversed the defendant's conviction because "[n]o further justification

existed for inquiry into the details of the prior crime." *Id.*

■ In this case, the defendant admitted on direct examination that he had two prior convictions and established the nature, date, place and sentences he received. Defendant's admission of his prior convictions accomplished the purpose of impeaching his credibility. Further cross-examination regarding these matters should not have been permitted.

■ As a general rule, evidence of other similar crimes is not admissible to show that a person has a propensity to commit crimes such as the crime charged. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). Although otherwise inadmissible, evidence of other crimes may be allowed to show motive, intent, identity, absence of mistake or accident, or a common scheme or plan. *Id.* In order for intent or absence of mistake or accident to serve as the basis for the admission of evidence of similar uncharged crimes, it is necessary that those be legitimate issues in the case. *State v. Conley*, 873 S.W.2d 233, 237 (Mo. banc 1994). Where the defendant's intent is not an issue in the case, offering evidence of other crimes to establish that element of the state's case is unnecessary. *Id.*

■ Evidence of other offenses is not admissible to show intent where the proven facts are such that defendant can be presumed to know the nature and character of his act. *State v. Dudley*, 912 S.W.2d 525, 530 (Mo.App.1995). In such cases, there is no substantial controversy regarding intent. *Id.*

Furthermore, in *State v. Edwards*, 750 S.W.2d 438, 441 (Mo. banc 1988), the supreme court found:

Had the state determined appellant's prior convictions were substantive evidence of his intent to commit the current crime, such evidence is properly introduced in its case in chief, regardless of defendant's decision to testify. Here, evidence of appellant's prior crimes surfaced during cross-

examination. The state's delay in its timing for introduction of appellant's prior crimes reinforces our belief that this evidence was proper solely for impeachment purposes.

■ In the case before us, neither intent nor absence of mistake or accident were issues. Defendant argued that the police produced cocaine and told him he would be charged with possession of it. He did not argue that he inadvertently possessed cocaine or that he thought it was another substance. Also, similar to *Edwards,* the state used defendant's prior convictions during cross-examination and not in its case in chief. This further leads us to find, as did the *Edwards* court, that such evidence could only be properly used for impeachment purposes. Therefore, the state should not have been permitted to use defendant's prior convictions as substantive evidence to prove intent or absence of mistake in the charged offense.

■ Even if evidence of prior misconduct is not used for one of the purposes listed as exceptions, it may nevertheless be admissible if the evidence is both logically and legally relevant. *Bernard,* 849 S.W.2d at 13. Evidence is logically relevant if it has some legitimate tendency to directly establish the accused's guilt of the charges for which the accused is on trial. *Id.* Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.* If the prejudicial effect is outweighed by the probative value, the evidence is inadmissible. *Dudley,* 912 S.W.2d at 531.

■ In this case, defendant's knowledge of cocaine was not in controversy. Defendant's testimony was that he was not in possession of cocaine and the police planted it on him. He did not deny knowing what cocaine was. Here, while the prior convictions may be logically relevant in establishing an element of the current charge against defendant, they are not legally relevant. The prejudicial effect of the prior convictions outweighs their probative value. Therefore, the state should not have been permitted to use defendant's prior convictions for the substantive purpose of showing his knowledge.

Further on direct appeal, defendant contends the trial court erred in giving Instruction No. 6, MAI–CR 3d 310.12, to the jury and allowing the state to use defendant's prior convictions to prove intent or knowledge.

The Notes on Use of MAI–CR 3d 310.10 and MAI–CR 3d 310.12 state:

3. The following rules will govern the use of MAI–CR 3d 310.10 and 310.12 as supplemented by the Notes on Use under MAI–CR 3d 310.12:

(a) Explanation of terms used in Notes on Use:

(i) Prior crimes committed by the defendant will be referred to as either "related" or "unrelated." "Related crimes" are those which may go to show intent, motive, etc. Such crimes may be shown by the state as substantive evidence of guilt of the crime on trial, whether the defendant testifies or not. See MAI–CR 3d 310.12. In addition, if defendant takes the stand as a witness, proof of conviction of, pleas of guilty to, pleas of nolo contendere to, and findings of guilt of "related crimes" may be considered as impeaching his credibility as a witness.

(ii) "Unrelated crimes" are those convictions, pleas of guilty, pleas of nolo contendere, and findings of guilt which may be considered solely for the purpose of impeaching the credibility of the defendant if he testified.

■ In this case, defendant's prior convictions are not "related" to the present offense because, as noted in the first point, they do not show intent, absence of mistake, or knowledge for this offense.

We find *Edwards* to be factually similar and controlling on this point. In *Edwards,* the state argued that defendant's previous convictions of credit card theft could be used to establish his intent to commit the present crime relating to credit card theft. 750

S.W.2d at 441. However, the *Edwards* court held that the trial court erred by submitting an instruction which allowed the jury to consider defendant's previous convictions to establish his intent to commit the current offense. *Id.*

Similarly, in this case the state argued that defendant's prior convictions were used to show intent and the trial court permitted such an instruction. As in *Edwards*, we find the trial court erred in instructing the jury to use defendant's prior convictions for this substantive purpose.

We reverse and remand for a new trial because the trial court permitted improper questions, improper argument and gave an incorrect instruction. Upon retrial, MAI–CR 3d 310.12 should not be given unless there is evidence that defendant's prior convictions are found to be "related crimes."

Our decision above renders defendant's appeal of his Rule 29.15 motion moot.

We reverse and remand for new trial.

PUDLOWSKI, P.J., and Simon, J., concur.