**STATE of Missouri, Respondent,**

v.

**Michael L. STEWART, Appellant.**

**No. WD 56060.**

Missouri Court of Appeals,
Western District.

May 25, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1999.

**38**

Kenneth M. Dake, Sedalia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., LOWENSTEIN and RIEDERER, JJ.

RIEDERER, Judge.

Michael L. Stewart appeals his conviction by jury for possession of methamphetamine with intent to deliver, § 195.211[1]. The court sentenced him as a persistent drug offender to a prison term of fifteen years. Appellant claims he was prevented from testifying on direct examination that he had prior convictions. However, he failed to preserve this issue for appeal; we review under Rule 30.20;[2] finding no manifest injustice, we affirm.

### Factual and Procedural History

The facts of this case are not in dispute. On January 27, 1998, Appellant was arrested by Sedalia police on an outstanding misdemeanor bad check warrant. After Appellant was arrested, the officers searched Appellant's vehicle and found a Coca–Cola tin and a marijuana cigarette. Methamphetamine was found inside the Coca–Cola tin.

Prior to trial, the State filed a motion in limine to preclude Appellant from testifying in direct examination that he had prior convictions for sale of marijuana and possession of cocaine. The State argued, citing *State v. Phillips*, 940 S.W.2d 512, 520 (Mo. banc 1997), that if a defendant with prior criminal convictions testifies, defense counsel, upon proper objection, would not be permitted to ask questions about those prior convictions during direct examination. Appellant strenuously objected, and the trial court sustained the motion.

The trial commenced, and Appellant testified that he owned in partnership with his father a used car dealership and that prior to being arrested he had repossessed a truck and had put the personal items found in the truck in his car. Appellant claims the items included a shirt and a Coca–Cola tin.

Appellant's counsel did not question Appellant on direct examination about whether he had prior convictions. Nor did he renew his objection to the court's ruling that he could not testify on direct about his prior convictions. On cross-examination, the State asked Appellant if he had ever been convicted of a crime. Appellant stated, "Yes, sir, I have. And I'm not trying to hide that in any way." On redirect examination the following colloquy took place:

Q: Michael, you knew when you took the stand that [the State] was going to ask you those questions about your prior felonies, didn't you?

A: Yes, I did. I pled guilty to those. They were years ago.

Q: In fact, we're glad the jury has heard that, right?

A: Yes, I am.

. . .

Q: You knew that this was kind of going to look bad to the jury, right?

A: I sure did.

---

**1.** All statutory references are to RSMo.1994, unless otherwise indicated.

**2.** All rule references are to Missouri Rules of Criminal Procedure, unless otherwise indicated.

Q: And in spite of that, you still took the stand. You knew if you didn't take the stand, that that couldn't come up, right?

A: Correct. I knew it would come up.

Appellant was found guilty and was sentenced to fifteen years as a persistent drug offender. § 558.016.

## I.

Appellant claims in his sole point on appeal that the trial court erred when it refused to allow the defendant to testify on direct examination that he had prior convictions.

Respondent argues that Appellant failed to preserve this issue for appeal because he made no attempt to introduce the precluded evidence during his direct examination. We agree. "A ruling in limine is interlocutory only and is subject to change during the course of the trial." *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992). The motion in limine, in and of itself, does not preserve anything for appeal. *Id.* "Accordingly, the proponent of the evidence must attempt to present the excluded evidence at trial, and if an objection to the proffered evidence is sustained, the proponent must then make an offer of proof." *Id.* Appellant's counsel did not attempt to question Appellant about his prior convictions on direct examination, nor did he renew his objection to the court's ruling at the time of the testimony. Appellant did not preserve this issue for appeal. Although Appellant did not request it, we may, at our discretion, review for plain error.

Rule 30.20 provides in pertinent part, "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The Missouri Supreme Court has defined plain error as error which, on its face, gives an appellate court substantial grounds for believing that manifest injus-

tice has resulted from the error. *State v. Spidle*, 967 S.W.2d 289, 290 (Mo.App.1998) (citing, *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995)).

To be entitled to relief under Rule 30.20, the defendant must show that the error affected his rights so substantially that a miscarriage of justice or manifest injustice would occur if the error is not corrected. *State v. Love*, 963 S.W.2d 236, 245 (Mo.App.1997). "Manifest injustice" is not easily defined. *State v. Dexter*, 954 S.W.2d 332, 342 (Mo.1997) (citing, *State v. Frazier*, 927 S.W.2d 378, 384 (Mo.App. 1996)). Appellate courts "know it when they see it." *Id.* "Manifest injustice depends upon the facts and circumstances of each particular case, and the defendant bears the burden of establishing manifest injustice amounting to plain error." *Love*, 963 S.W.2d at 245.

Appellant argues that not allowing him to admit his prior convictions in direct examination deprived him of a fair trial because it adversely affected his credibility. Appellant contends that his credibility was substantially prejudiced by allowing the State to "dramatically reveal [his] prior convictions for the first time on cross-examination."

The State argued in its motion in limine that if a defendant with prior convictions testifies, defense counsel, upon proper objection, would not be permitted to ask about those prior convictions during direct examination, citing *State v. Phillips*, 940 S.W.2d at 520. The State misinterpreted *Phillips*. The State argued to the trial court that "The Phillips case dealt specifically with a defendant testifying. It wasn't just – it didn't just simply go to other witnesses. And it said the old rule that you can't impeach your own witness unless there is surprise and hostility has not been changed." *Phillips* did not concern the testimony of the defendant. It involved a defense witness, who was the defendant's son, Buddy, and who was also implicated in the murder at issue in the

case. The trial court sustained the State's motion in limine to prevent Phillips from impeaching Buddy's credibility with his extensive criminal history. *Phillips* merely reiterated the rule that a party may not impeach its own witness in either a civil or criminal case unless two requirements are met: 1) a showing of surprise at the testimony the witness gives, and 2) a showing that the testimony in effect makes the witness a witness for the other side. *Id.* Although there is an exception to the rule for prior inconsistent statements, the court held there is none for prior criminal convictions.[3] The common law of Missouri is that a defendant in a criminal case may testify on direct about his own prior criminal convictions. *See State v. Aye,* 927 S.W.2d 951, 954 (Mo.App.1996); *State v. Wilson,* 888 S.W.2d 744, 748 (Mo.App. 1994); *State v. Skelton,* 887 S.W.2d 699, 704 (Mo.App.1994); *State v. Light,* 871 S.W.2d 59, 62 (Mo.App.1994); *State v. Turner,* 655 S.W.2d 710, 711 (Mo.App. 1983). *Phillips* did not change this.

■ Since the ruling in *Phillips* does not prevent a criminal defendant with prior convictions from testifying about those convictions on direct examination, it was error for the trial court to sustain the State's motion in limine. The error is plain, in that it is "evident" and "obvious" and "clear." *Webster's Third New International Dictionary* 1729 (1971). The error affected the substantial right of the defendant to testify on his own behalf. The question becomes, then, whether we

find that "manifest injustice" or "miscarriage of justice" has resulted therefrom.

■ "If a defendant chooses to testify, prior convictions, including pleas of guilty, may be exposed and considered by the jury to determine [his] credibility." *State v. McClanahan,* 954 S.W.2d 476, 479 (Mo.App.1997); § 491.050. It is permissible on cross-examination for the State to elicit the nature, date, and place of each prior crime and the resulting sentence. *Aye,* 927 S.W.2d at 955. It was inevitable that Appellant's prior convictions would be revealed to the jury. Appellant's plan was to reveal those convictions to the jury through his own testimony, and he claims this would have made him much more credible to the jury. Instead, he argues, the State was allowed to "dramatically reveal [his] prior convictions for the first time on cross-examination." The record reveals the following colloquy on cross-examination of the Appellant:

Q: Have you ever been convicted of a crime?

A: Yes, sir, I have. And I'm not trying to hide that in any way.

Q: What crime have you pled guilty to?

A: Sale of marijuana, six years ago— eight years ago, I believe. You have the dates. And possession of cocaine probably five years ago.

Q: Was the sale of marijuana charge in the Circuit Court of Clay County, Missouri?

A: Yes, it was.

---

3. The court noted: "Phillips herself, called Buddy as a witness, so any evidence offered by Phillips of his prior convictions would violate the rule that a party may not impeach its own witness in either a civil or criminal case unless two requirements are met: (1) a showing of surprise at the testimony the witness gives, and (2) a showing that the testimony in effect makes the witness a witness for the other side. (citations omitted). This court, as Phillips points out, has modified this rule in criminal proceedings to allow a party to impeach his own witness with a prior inconsistent statement without a showing of surprise and hostility. (citations omitted). The tradi-

tional rule, we determined, was inappropriate in view of § 491.074, RSMo 1986, which allows a prior inconsistent statement of any witness to be introduced as substantive evidence. (citations omitted). *We have not modified the rule, however, to allow impeachment of one's own witness in a criminal proceeding by proof of prior criminal convictions without a showing of surprise and hostility,* and Phillips offer no persuasive argument to do so now. Accordingly, the trial court committed no error, plain or otherwise, in refusing to allow Phillips to impeach her own witness with evidence of his prior criminal convictions." (emphasis supplied).

Q: What sentence did you receive for that?

A: Five years.

Q: And did you get probation on that sentence?

A: Yes, I did.

Q: That was a guilty plea in 1991?

A: Yes. I pled guilty.

Q: And did you plead guilty here in this court in 1992 to possession of cocaine?

A: Yes, I did. '92, yeah.

Q: Was that a felony?

A: Yes, sir.

Q: Did you receive probation for that offense?

A: Yes, I did.

Q: What sentence did you have?

A: A five.

Q: Did you later have to serve a portion of that sentence?

A: Yes, I did.

The State's cross-examination elicited the nature, dates, and places of Appellant's prior convictions, all of which were proper inquiries. In redirect, Appellant, guided by counsel, testified that he knew his prior convictions would be revealed if he testified and that he was glad that the jury knew about them:

Q: Michael, you knew when you took the stand that [the State] was going to ask you those questions about your prior felonies, didn't you?

A: Yes I did. I pled guilty to those. They were years ago.

Q: In fact, we're glad the jury has heard that, right?

A: Yes, I am.

Q: Why did you plead guilty to those charges?

A: Because I was guilty of those charges.

Q: Now, since then you've been released on parole, right?

A: Yes, I have.

Q: As part of your conditions of parole, you have to see your parole officer?

A: Yes, twice a month, sometimes weekly.

Q: You have not had your parole revoked, have you?

A: No, I have not.

Q: Have you ever had to give urine samples to you –

A: I believe 17, 17 different ones, different times.

Q: Have you ever had one come back dirty?

A: No, I haven't.

Q: You knew this was kind of going to look bad to the jury, right?

A: I sure did.

Q: And in spite of that, you still took the stand. You knew if you didn't take the stand, that that couldn't come up, right?

A: Correct. I knew it would come up.

Q: These other felonies that you have on your record, they were the result guilty pleas, right?

A: I pled guilty to both of them.

Q: You did not have jury trials on those?

A: No, I did not.

■ Appellant argues that preventing him from revealing prior criminal convictions in his direct testimony damaged his credibility. If Appellant had been allowed to testify as he wanted, the evidence before the jury would have been the same. The nature, dates and places of Appellant's convictions would have been revealed. The only difference the court's error made was that the State presented the evidence first. We recognize going first and "pulling teeth" has value – that is precisely why the prosecutor filed the motion in limine. However, we will reverse under plain error only if it is established that the error had a decisive effect on the jury's verdict. *State v. White*, 1998 WL 726021 at 2, —— S.W.2d —— at —— (Mo.App. W.D. 1998). We cannot say, on this record, that the error below had a decisive effect on the jury's verdict. The jurors knew about the convictions. They knew Appellant did not have to testify but chose to do so. They knew Appellant recognized that testifying would mean the jurors would hear about

those convictions. And the jury knew, not from the State but from Appellant, that he had been on parole, that he had given seventeen urine samples but none were "dirty." This is what Appellant wanted the jurors to know. Thus, we cannot conclude that the court's error resulted in manifest injustice.

We find it necessary, in response to arguments of counsel, to provide some cautionary words. Appellant fears that allowing his conviction to stand will invite others to repeat this mistake. However, although we find that the parties herein acted in good faith, such would not be the case should this decision be used to justify repeating the error.

Judgment affirmed.

All concur.