STATE of Missouri, Respondent,

v.

Michael P. McCOY, Jr., Appellant.

No. ED 85010.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 20, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2005.

Deborah Daniels, Dora Fichter (co-counsel), Jefferson City, MO, for respondent.

Irene Karns, Columbia, MO, for appellant.

## · OPINION

GLENN A. NORTON, Judge.

Michael P. McCoy, Jr., appeals the judgment entered on his convictions for attempting to manufacture a controlled substance and unlawful use of drug paraphernalia. We reverse and remand.

## I. BACKGROUND

McCoy was pulled over for a traffic violation and arrested for driving with a suspended license. The arresting officer noticed that McCoy's hands were stained yellow, which the officer testified was consistent with stains from iodine, an ingredient used to manufacture methamphetamine.

Karrie Bowen was a friend of McCoy; they had a sexual relationship and used methamphetamine together. She testified that the night McCoy was arrested they had been at another friend's house using methamphetamine. At some point, McCoy had called Bowen into the basement, which contained an operational methamphetamine laboratory. McCoy asked her to tear apart matchbooks to help make methamphetamine, and she complied. McCoy also asked for Bowen's Medicaid card to scrape a chemical from a glass dish. When McCoy and another friend left the house, the manufacturing activity stopped. A later search of the home revealed the methamphetamine laboratory and the items about which Bowen had testified, including tattered matchbooks and her Medicaid card.

McCoy was charged with attempting to manufacture a controlled substance and with unlawful use of drug paraphernalia, namely matchbook strikers, acetone, pseudoephedrine, iodine, muriatic acid and other items *commonly used to produce meth-*amphetamine that were seized from the lab. He had a prior conviction for creation

of a controlled substance based on his possession of precursor ingredients of methamphetamine with the intent to manufacture methamphetamine. Before the jury trial on the instant charges, McCoy filed a motion in limine to prohibit the State from making any reference to his prior conviction. The State argued that the prior conviction was admissible because it showed that McCoy knew how to manufacture methamphetamine and had the intent to manufacture it, which were elements of the crimes with which he was charged. The court ruled that the evidence could be admitted for the limited purpose of showing McCoy's knowledge of the methamphetamine manufacturing process and his intent to use the ingredients to manufacture it. At trial, the State mentioned the prior conviction in its opening and closing statements, and the prior conviction was admitted into evidence. McCoy properly objected and preserved his argument regarding the prejudicial effect of this evidence in a motion for new trial.

McCoy presented no evidence at trial. Through counsel's opening and closing statements and cross-examinations of the State's witnesses, McCoy denied involvement in the possession of drug paraphernalia or manufacturing of methamphetamine at the lab. Counsel argued that the State presented no direct evidence of his involvement in the crime aside from Bowen's testimony, which he argued was highly suspect because of her plea agreement. McCoy was convicted on both counts and appeals.

## II. DISCUSSION

### A. Prior Conviction

We review a trial court's decision to admit evidence for an abuse of discretion. *State v. Winfield*, 5 S.W.3d 505, 515 (Mo. banc 1999). Evidence of prior crimes is legally relevant, and therefore admissible, only when its probative value outweighs its prejudicial effect. *State v. Bernard*, 849 S.W.2d 10, 17 (Mo. banc 1993), *superceded on other grounds by* section 566.025 RSMo 1994. Generally, evidence of other similar crimes is not admissible to show that a person has a propensity to commit the crime charged. *State v. Aye*, 927 S.W.2d 951, 955 (Mo.App. E.D.1996). Evidence of other crimes may be admissible, however, to show intent, motive, identity, absence of mistake, or a common scheme or plan. *Bernard*, 849 S.W.2d at 13. If intent is the basis for the admission of otherwise inadmissible evidence, then the defendant's intent must be a legitimate issue in the case. *Aye*, 927 S.W.2d at 955 (citing *State v. Dudley*, 912 S.W.2d 525, 530 (Mo.App. W.D.1995)). Otherwise, there is no need for such evidence. *Aye*, 927 S.W.2d at 955.

For instance, in *State v. Ingleright* the defendant was charged with possession of several controlled substances. 787 S.W.2d 826, 827 (Mo.App. S.D.1990). He denied knowledge of the presence or nature of the items immediately surrounding him and his belongings in the car he was driving without any other passengers. *Id.* at 828. Thus, knowledge was directly at issue, and his prior conviction for drug possession was admissible. *See id.* at 829.

On the other hand, in *Aye*, the defendant was charged with possession of cocaine and the trial court admitted evidence of the defendant's prior conviction for cocaine possession to show the defendant's "knowledge and intent of what cocaine is." 927 S.W.2d at 952–53. On appeal, this Court reversed, stating that the defendant "did not argue that he inadvertently possessed cocaine or that he thought it was another substance." *Id.* at 956. Rather, the defendant had wholly disavowed possession of the drug, arguing that the co-

caine was planted on him by the police. *Id.* The Court found no substantial controversy regarding intent, and thus no basis for admitting the prior conviction. *Id.* Similarly in this case, McCoy did not claim ignorance of the methamphetamine production process or a lack of familiarity with the items used to manufacture the drug. Rather, he argued that the only direct evidence that he was even present in the lab was Bowen's testimony, which he argued was not credible, and that the police did not find him in possession of any methamphetamine paraphernalia. While this evidence and argument put McCoy's participation in the crime at issue, it did not, as the State claims, thereby raise the specific issues of his intent to commit the crime or his knowledge of how to manufacture methamphetamine. General denial of involvement in the crime is not sufficient to make intent a legitimate issue.

Likewise, contrary to the State's argument, the fact that knowledge and intent were elements of the charged crimes did not render McCoy's prior conviction automatically admissible:

> The prosecution should not automatically assume that whenever knowledge or intent is an element of the crime, evidence of other crimes bearing on intent is automatically admissible. In a prosecution for assault with intent to kill, it should not be assumed that the defendant's previous murder conviction is admissible to show intent to kill. To allow evidence of the prior conviction would play into illicit reasoning based on propensity and bad character. Also, there is no reason to introduce prejudicial evidence where there is no actual controversy as to the defendant's knowledge or intent.

*Dudley,* 912 S.W.2d at 529–30. Because there was no controversy in this case as to the defendant's knowledge or intent, there

was no reason to admit it. Thus, the probative value of McCoy's prior conviction was slight and was outweighed by its highly prejudicial effect of alluding to McCoy's propensity to commit the crime and his bad character. Admitting the prior conviction in this case was an abuse of the trial court's discretion.

Point I is granted. The convictions must be reversed, and the case remanded for a new trial. The other points on appeal—regarding double jeopardy arising from the convictions and the allegedly erroneous admission of other bad acts—are moot. But because the evidentiary issue is likely to recur on retrial, we will address it.

## B. Other Bad Acts

McCoy argues that evidence of Bowen's sexual relationship with him was not admissible because it was evidence of a prior bad act and was not relevant. We disagree. The State explained that Bowen's testimony about her relationship with McCoy showed why McCoy had invited her to the friend's house. Bowen's explanation of her relationship with McCoy tended to make her testimony more believable and easier to understand, which in turn supported her testimony about his involvement in the charged crime. Therefore, even if it suggested misconduct because Bowen was a teenager and much younger than McCoy, the testimony nevertheless presented a complete picture of the events in the case and was logically relevant. *See State v. Harris,* 870 S.W.2d 798, 810 (Mo. banc 1994); *State v. Barriner,* 34 S.W.3d 139, 144 (Mo. banc 2000) (evidence is logically relevant when it legitimately tends to establish that the defendant is guilty of the offense for which he is being tried).

## III. CONCLUSION

The judgment is reversed, and the case is remanded for a new trial.

CLIFFORD H. AHRENS, P.J., and NANNETTE A. BAKER, J., concurring.