**STATE of Missouri, Respondent,**

v.

**Patty Ann ALLEN, Appellant.**

**No. 62157.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 25, 1993.

---

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals her conviction for possession of a controlled substance as a prior offender. We affirm.

Only a brief recitation of the facts is necessary. On November 2, 1991, at approximately 2:30 a.m., Defendant and several others, including Beverly Parmer, were stopped by police officers in Perryville, Missouri. Officer Hayden escorted Defendant to the Sheriff's Department. Defendant's purse was searched and nothing unusual was found. However, the officer who searched the purse testified he failed to search a zipped compartment in the purse because he did not notice it. Defendant was then escorted to the Perryville Police Department. At the station, Parmer told the police that Defendant had bragged the police had overlooked some acid in her purse. The police again searched Defendant's purse and noticed a zipped compartment where they found substances later identified as lysergic acid diethylamide (LSD) and marijuana.

On January 22, 1992, Defendant was charged by information with possession of a controlled substance, LSD. This information was later amended to charge Defendant as a prior offender. Defendant was never charged with possession of marijuana. The jury convicted Defendant after trial on April 29, 1992, and the judge sentenced her to ten years' imprisonment.

In Point I, Defendant argues the trial court erred when it admitted evidence of the marijuana found in her purse. She argues evidence of other uncharged crimes is irrelevant to whether she possessed LSD and would allow the jury to infer her guilt. We disagree.

Generally, evidence of other crimes is inadmissible unless it has a "legitimate tendency to establish the guilt of the defendant for the charged crime." *State v. Steward*, 844 S.W.2d 31, 34[6] (Mo.App. 1992). Where evidence of other crimes tends to show Defendant acted knowingly and intentionally, it is admissible. *State v. Johnson*, 811 S.W.2d 411, 415[9] (Mo.App. 1991). Missouri courts have found "possession of marijuana is logically relevant in establishing that another drug was possessed with full knowledge of its illegal character." *State v. Webb*, 646 S.W.2d 415, 417–18[5] (Mo.App.1983); *See, Steward*, 844 S.W.2d at 34–35[6]; *State v. Camden*, 837 S.W.2d 520, 522[5] (Mo.App.1992); *Johnson*, 811 S.W.2d at 415[9]; *State v. Hall*, 687 S.W.2d 924, 929[11, 12] (Mo.App. 1985). This is particularly true when both drugs are found on a defendant at the same time. The evidence of the marijuana is relevant to show Defendant's possession of LSD was intentional and knowing. Point denied.

In Point II, Defendant argues the prosecutor made improper arguments during closing which denied her due process of law and a fair trial. However, Defendant's failure to preserve this allegation of error results in our ability to review it only for plain error to determine whether manifest injustice resulted. Rule 29.11(d); Rule 30.-

20; *State v. Jordan,* 834 S.W.2d 900, 901[1] (Mo.App.1992).

■ The argument which Defendant challenges is as follows:

> You speak for the community, ladies and gentlemen. Now is the time for you to say, "I'm going to do something about drugs in Perry County, Missouri." You have the opportunity by your verdict today to send a message that is going to be heard loud and clear. No more will you have the opportunity to pick up the paper and read these headlines about horrible things that are going on due to drugs in your community and say, "Why doesn't somebody do something about it?" You have an opportunity here today to do something about it. You have the opportunity today to speak for the citizens of Perry County and tell them, "We are not going to tolerate even user amounts of controlled substances. I am convinced beyond any reasonable doubt that this woman possessed—knowingly possessed LSD and I'm going to return a verdict of guilty."

We find no plain error in this argument. A prosecuting attorney is permitted to argue about "the prevalence of crime in the community, the personal safety of its inhabitants, and the jury's duty to uphold the law as well as inferences from its failure to convict; and, such pleas may call upon common experience." *State v. Schwer,* 757 S.W.2d 258, 264[13] (Mo.App.1988). The argument in this case is acceptable as a plea to the jury for obdurate law enforcement as a deterrent for future crime. *See, State v. Garner,* 760 S.W.2d 893, 901[3] (Mo.App.1988); *Schwer,* 757 S.W.2d at 264[14]; *State v. Hubbard,* 659 S.W.2d 551, 558[28] (Mo.App.1983). Point denied.

■ In Point III, Defendant challenges the use of Instruction No. 4, patterned after MAI–CR3d 302.04. She argues the instruction incorrectly defines "proof beyond a reasonable doubt" as "firmly convinced." Our courts have repeatedly held that MAI–CR3d 302.04 is within the parameters of *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). *State v. Griffin,* 848 S.W.2d 464, 469 (Mo.

banc 1993); *State v. Twenter,* 818 S.W.2d 628, 634 (Mo. banc 1991). Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.