STATE of Missouri, Respondent,

v.

Ernest G. DUDLEY, Appellant.

No. WD 48385.

Missouri Court of Appeals,
Western District.

Sept. 12, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 5, 1995.

Application to Transfer Denied
Jan. 23, 1996.

Patricia A. Richter, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and SMART and LAURA DENVIR STITH, JJ.

SMART, Judge.

Ernest G. Dudley, defendant, appeals his conviction for possession of a controlled substance, in violation of § 195.202, RSMo 1986. Dudley was sentenced to five years imprisonment for the conviction. Defendant Dudley also appeals the denial of his Rule 29.15 motion.

Judgment is reversed and the cause remanded for new trial.

On September 20, 1990, several Kansas City police officers went to the residence of defendant's mother, looking for defendant. They discovered defendant in the attic of the house. One of the officers searched defendant and found a clear plastic bag containing pills and a green leafy substance. Two packages of cigarette papers were also found in defendant's pocket. Defendant was arrested and charged with one count of possession of a controlled substance in violation of § 195.202, RSMo 1986. The pills were later identified as codeine, which is often prescribed as a pain-killing narcotic.

At trial, a police officer identified the green leafy substance found on defendant as marijuana. A chemist testifying for the State identified the pills found in the plastic bag as codeine, a Schedule III controlled substance within the meaning of § 195.017, RSMo 1986. During the State's case, over the defense objection, the prosecution was allowed to introduce into evidence the fact that the defendant had a prior conviction for the sale of codeine. The prosecution stated that the conviction was offered to show knowledge, i.e., that defendant knew the pills he possessed were codeine and that codeine was illegal to possess without a prescription. Defendant presented no evidence. The jury found defendant guilty of possession of a controlled substance. Defendant was sentenced as a prior and persistent offender to five years imprisonment in the Missouri Department of Correction. Defendant filed his Rule 29.15 motion, which was denied after an evidentiary hearing.

## Marijuana

First, we address defendant's claim that the trial court erred in admitting evidence of a bag containing a green leafy substance purported to be marijuana. Defendant contends that this constituted evidence of uncharged crimes in violation of his rights to due process of law and to a fair trial guaranteed by the fifth, sixth and fourteenth amendments to the United States Constitution. Defendant suggests that the evidence was presented solely to show that he was a person of bad character with the propensity to commit drug crimes.

 Evidence of other crimes may be admitted only if highly relevant to a legitimate issue in the case. The probative value of the evidence must outweigh the prejudicial effect. State v. Bernard, 849 S.W.2d 10, 13 (Mo. banc 1993)[1]. The trial court has broad discretion in ruling on the relevancy and admissibility of other crimes evidence. State v. Henderson, 826 S.W.2d 371, 374 (Mo.App. 1992).

 The state is required to prove in a possession case that defendant knowingly and intentionally possessed the illegal substance and was aware of its character and illegal nature. State v. Steward, 844 S.W.2d 31, 34–35 (Mo.App.1992). Evidence of a defendant's involvement or connection with other drugs at the same time that he possessed the substance in question has been held to be admissible to show his requisite intent and knowledge of the nature of the substance possessed. Id. Missouri courts have specifically found that "possession of marijuana is logically relevant in establishing that another drug was possessed with full knowledge of its illegal character." State v. Allen, 856 S.W.2d 676, 677 (Mo.App.1993); State v. Williams, 539 S.W.2d 530 (Mo.App.1976). This is particularly true when both drugs are found on defendant at the same time. Allen, 856 S.W.2d at 677.

 At trial, an officer identified the green leafy substance found on defendant at the time of his arrest as marijuana. A prop-er foundation is laid for such testimony if the officer identifies a substance based on his practical experience and training. State v. Gasperino, 859 S.W.2d 719, 721 (Mo.App. 1993). The defendant does not raise any issue related to the identification of the substance as marijuana. The defendant was also carrying cigarette papers. This evidence was not admitted for the "improper purpose of showing Mr. Dudley is a person of bad character, with the propensity to commit drug crimes," as defendant contends, but was admitted for its probative value in showing that defendant consciously possessed codeine, a controlled substance. The probative value of the marijuana in the bag was substantial. Thus, the trial court did not abuse its discretion in admitting evidence of the plastic bag containing the marijuana.

## Prior Conviction

Defendant also contends that the trial court erred in admitting the evidence of a prior conviction for the sale of codeine. The State requested permission from the trial court to introduce evidence of defendant's 1980 conviction for the sale of codeine to show defendant's knowledge of the "illegal nature of the substance which he possessed." Defense counsel vigorously objected to the evidence as improper and inflammatory. The state argues this objection was inadequate to preserve the issue, but we interpret this objection as equivalent to an objection that the prejudicial effect outweighed any legitimate probative value because we are confident the trial court understood the nature of the objection. The trial court overruled the objection, allowing the conviction to be admitted into evidence. On appeal, defendant argues that the evidence was inadmissible because no issue had been raised as to defendant's knowledge of the "illegal nature" of the codeine, and that the evidence was introduced solely to show that defendant was a drug seller, and that he was therefore a bad person, and that therefore it is more likely that he committed the charged offense.

1. The holding in Bernard has been partially superseded by § 566.025, RSMo 1994. This statute supersedes Bernard only to the extent that the issue involves sexual offense as to victims under fourteen years of age.

### Other Crimes

As we discussed under the first point above, evidence of other crimes committed by defendant is inadmissible if it is offered to show that defendant is a person of bad character, or a person with a propensity to commit criminal acts. Trial courts should be wary of evidence concerning other crimes because of the prejudicial nature of such evidence. *State v. Helm*, 892 S.W.2d 743, 745 (Mo.App.1994). The difficulty with evidence of other crimes is that it tends to run counter to the rule that forecloses using an accused's character as the basis for inferring guilt.

> Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. Not that the law invests the defendant with a presumption of good character, *Greer v. United States*, 245 U.S. 559 [38 S.Ct. 209, 62 L.Ed. 469 (1918)], but it simply closes the whole matter of character, disposition and reputation on the prosecution's case-in-chief. The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

*Michelson v. United States*, 335 U.S. 469, 475–76, 69 S.Ct. 213, 218–19, 93 L.Ed. 168 (1948) (footnotes omitted)[2].

Other crimes evidence should be admitted only where it is shown to be both logically and legally relevant. *Bernard*, 849 S.W.2d at 13. For evidence to be considered legally relevant, its prejudicial effect must be outweighed by its probative value. *Id.* Logical relevance is established where the evidence in question tends to directly establish a defendant's guilt. *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992). While a defendant's propensity to commit a crime may be logically relevant, it is not legally relevant because the prejudicial effect of such evidence outweighs the probative value of such evidence. *Id.* at 314. It is only where the evidence of other crimes is offered to prove an issue other than propensity that the probative value of such evidence tends to increase.[3] *Id.* There are five commonly acknowledged occasions when other crimes evidence is considered legally relevant. Such evidence has been regarded as legally relevant when it has the tendency to establish: (1) motive; (2) intent; (3) absence of mistake or accident; (4) common scheme or plan; or (5) identity. *Id.* at 311. These five categories are not exclusive; other crimes evidence not falling within one of the five specific categories may be admissible if otherwise it is both logically and legally relevant. *Bernard*, 849 S.W.2d at 17.

There is a tendency for lawyers and judges to believe the proposition that other crimes evidence is *admissible* whenever there is an issue as to motive, intent, and so on. The danger here is to assume admissibility any time there is logical relevance. Stating the proposition simply as a function of logical relevance, without careful consideration of legal relevance, leads to the kind of difficulty presented in this case. Here, the prosecution urged the trial court to allow the conviction in evidence because, after all, the prosecution must prove conscious possession—state of mind. The offer was presented to the trial court as though there were no need to give any thought to legal relevance—whether the prejudicial effect might outweigh the probative value. Also, there was

---

**2.** *Michelson* has been superseded by statute. It was decided before the adoption of the Federal Rules.

**3.** As already noted, there is a statutory exception to this rule which applies to sex crimes related to children under fourteen years of age. Section 566.025 RSMo 1994.

no real analysis provided to the court as to exactly how the prior conviction proved the defendant's conscious possession of the drug.

Let us consider first whether the fact that defendant was previously convicted of sale of codeine makes it more likely, in any legitimate sense (not based on reasoning from his bad character or propensities), that he is guilty of illegal possession of codeine on this occasion. This analysis is more difficult than the issue of the propriety of admitting testimony as to the marijuana, as to which the law is well established. In this case, the state argues that the evidence of the prior conviction tends to show conscious possession, because a person who has previously possessed codeine with intent to sell is more likely to know codeine when he or she sees it. This would be true if the pills possessed 10 years ago by defendant at the time of the prior conviction were shown to be identical in appearance to the pills possessed on the occasion in question. There was no such evidence at trial, however. Many drugs, of course, are available in generic form through many different types of pills and tablets. The record does not show that all codeine pills are identical in appearance, or even that there is substantial regularity in appearance.

■■■■■ It is well established that the comparison of legitimate probative value with the prejudicial effect is for the trial court and lies within the sound discretion of the trial court. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). Although generally speaking, we defer in such matters to the trial court, believing the trial court has a superior opportunity to make the evaluation, we will take issue with the trial court in cases where we conclude there has been an abuse of discretion. *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App. 1992). We submit that in this case, the evidence of the prior conviction for sale of codeine was highly prejudicial. Even so, had the prior conviction been highly probative of defendant's conscious possession of codeine, the trial court would have been within its discretion to admit it. Here, however, the conviction was not highly probative of anything other than the fact of defendant's bad

character as a person previously convicted of selling drugs. The conviction, without some additional evidence to tie in the appearance of the pills, did not prove defendant would have recognized the pills as codeine.

■■■■ At the time the state offered the conviction, defendant's conscious possession was not really at issue. We generally assume that people know what it is they possess. Knowledge and possession may be shown by circumstantial evidence. *State v. Ray*, 747 S.W.2d 765 (Mo.App.1988). We have already determined that the fact that evidence was admitted that defendant also had in his possession marijuana and cigarette papers legitimately supported an inference of knowing possession. "Although proof of possession of marijuana is not *ipso facto* evidence of knowing possession of heroin, where the two controlled substances ... are found at the same time and in the same place ... it has a logical tendency to prove ... knowing possession." *State v. Williams*, 539 S.W.2d 530, 534–35 (Mo.App.1976). Consequently, while intentional and conscious possession was part of the state's burden, the practical presumption arising from the circumstantial evidence reduced the conscious possession issue to relatively uncontested status, in the absence of any evidence of innocent possession introduced by the defense. Defendant never offered any evidence suggesting innocent possession, either through cross-examination or direct testimony. Therefore, we suggest, the prosecution's need to introduce the prior conviction in order to establish the **mens rea** of the crime was minimal. At the same time, the prejudicial effect of admitting the evidence was very substantial.

■■■■ The prosecution should not automatically assume that whenever knowledge or intent is an element of the crime, evidence of other crimes bearing on intent is automatically admissible. In a prosecution for assault with intent to kill, it should not be assumed that the defendant's previous murder conviction is admissible to show intent to kill. To allow evidence of the prior conviction would play into illicit reasoning based on propensity and bad character. Also, there is no reason to introduce prejudicial evidence where there

is no actual controversy as to the defendant's knowledge or intent.

In order for intent or the absence of mistake or accident to serve as the basis for admission of evidence of similar uncharged crimes, it is necessary that those be legitimate issues in the case. *State v. Atkinson*, 293 S.W.2d 941, 943 (Mo.1956). When there is direct evidence that the defendant committed the illicit act, the proof of the act ordinarily gives rise to an inference of the necessary mens rea. No other evidence is required to establish that element of the case unless the state has some reason to believe that the defendant will make intent or mistake or accident an issue in the case. *People v. Woltz*, 228 Ill.App.3d 670, 170 Ill.Dec. 502, 505, 592 N.E.2d 1182, 1185 (1992); *Thomas v. State*, 612 N.E.2d 604, 608 (Ind.App.1993); *State v. Nunn*, 244 Kan. 207, 768 P.2d 268, 273–74 (1989); *People v. Leo*, 188 Mich. App. 417, 470 N.W.2d 423, 426 (1991). Where the defendant's intent is not a real issue in the case, offering evidence of other crimes to establish that element of the state's case is unnecessary. Thus, the probative value of such evidence is far outweighed by its prejudicial effect. *Bernard*, 849 S.W.2d at 13.

*State v. Conley*, 873 S.W.2d 233, 237 (Mo. banc 1994).

▮ Evidence of other offenses is not admissible to show intent where the proven facts are such that defendant can be presumed to know the nature and character of his act. *State v. Shilkett*, 356 Mo. 1081, 204 S.W.2d 920, 923 (1947). In such cases, there is no substantial controversy regarding intent. However, where different inferences may be drawn regarding the intent with which the alleged criminal act was done or where the circumstances are such as to be susceptible of an interpretation of innocence, other crimes may be admitted when the probative value on the issue of intent is substantial.

We conclude that in this case, no genuine issue as to defendant's conscious possession of the controlled substance had been raised. Given the proven fact that defendant was hiding in the attic and that he had possession of marijuana and cigarette papers along with the codeine pills in a plastic bag, there was no reasonable necessity to introduce the prior conviction. Moreover, the state did not show that the pills possessed by defendant on the date in question had an appearance which was identical to the pills in his possession at the time he committed the previous offense.

In *State v. Helm*, 892 S.W.2d 743 (Mo.App. 1994), where the defendant was charged with burglary, the state was held to have improperly introduced evidence concerning the defendant's prior convictions in two burglaries. Defendant and another man had been found exiting an Eagles Lodge building about 3:30 a.m. after a silent alarm had alerted the police. Defendant did not have possession of any property belonging to the lodge. Defendant told the police that he entered the building with no intent to steal, but just to find a place to get warm. The state, over objection, introduced two previous burglary convictions to show that the defendant intended to steal when he broke into the lodge. In reversing the defendant's conviction, the court recognized that the convictions would have been admissible to impeach credibility if the defendant had testified, but that the introduction of the convictions in the prosecution's case in chief to show *intent* was unduly prejudicial.

In the instant case the prosecution introduced evidence of defendant's prior convictions before defendant testified; indeed, defendant did not testify at all.[4] Since the evidence of the conviction was not in rebuttal to any defense evidence, the evidence was prejudicial because it suggested that, since defendant was convicted 10 years ago of sale of codeine, he is a drug dealer by character and propensity and is therefore guilty. The evidence also tended to suggest that, because defendant was previously convicted of selling codeine, he probably intended to sell this codeine also.

4. Defendant did not present any evidence. This decision not to present evidence was made, in large part, because defendant's attorneys were under the impression that the prosecution had fatally erred in failing to have the arresting officer, in his testimony, physically point to the defendant and state that defendant was the man on whom he found the drugs.

We conclude that the prejudicial effect of the conviction outweighed its minimal probative value. Defendant had not introduced any evidence of innocent possession which would have required rebuttal through showing defendant's prior familiarity with codeine. Moreover, the conviction, standing alone, was not a tailored method of showing defendant's familiarity with the codeine pills. Instead of being based on the appearance of the pills, it was based on the inference that anyone who had been convicted of sale of codeine ten years ago is likely to be very knowledgeable generally about all kinds of codeine pills now. This, in reality, is very closely akin to reasoning from the defendant's character or propensity because it assumes the defendant is still involved in the illicit narcotic trade to such a degree that he retains a special familiarity with controlled substances. Consequently, evidence of the conviction had relatively low *legitimate* probative value, while the prejudicial effect was quite strong.

Whether or not we could consider the error as harmless error is problematic, since the defense presented no evidence at all. Would the defendant have been convicted anyway, even without the admission of the prior conviction? Probably. Nevertheless, we cannot say that we are convinced beyond a reasonable doubt that he would have been convicted. We do not know, for instance, what the defense strategy would have been if the prior conviction had not come in during the prosecution's case.[5] We reverse the conviction and remand for a new trial.

The judgment is reversed and the cause remanded for new trial.

All concur.

---

5. Presumably, the defense did not intend to have defendant testify, but instead intended to present the testimony of the defendant's girlfriend or mother, or both. The defense indicated in opening statement that the jury would hear testimony from them that defendant was doing a favor for his mother, who was in pain from an injury, by delivering to her some pain pills sent by his girlfriend. Had such evidence been presented, and then the conviction had been offered as rebuttal, we would have a different issue from the one before us. In this case, once the conviction was in evidence, the defense could have concluded that the jury was unlikely to believe any defense evidence of any kind, and the best approach was to preserve any arguments related to technical defects in the state's case, rather than proceed with evidence and waive the defects in the prosecution's case-in-chief.