STATE of Missouri, Plaintiff/Respondent.

v.

Ocelia BLACKMON,
Defendant/Appellant.

Ocelia BLACKMON, Movant/Appellant.

v.

STATE of Missouri,
Respondent/Respondent.

No. 65528 & 67404.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 5, 1996.

Rehearing Denied Aug. 20 1996.

---

Deborah B. Wafer, District Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

GRIMM, Judge.

A jury found defendant guilty of second degree drug trafficking under § 195.223, RSMo 1994. The trial court sentenced her to life imprisonment. She appeals this judgment and the denial of her Rule 29.15 motion. We reverse and remand.

Defendant raises four points. The first is controlling. In that point, she alleges the trial court erred in overruling her objection to the State's evidence of her prior convictions. Her other three points concern her Rule 29.15 motion and are now moot.

## I. Background

On December 3, 1992, police officers executed a search warrant at defendant's home. An officer knocked on the door and shouted for defendant to open it. Defendant did not open the door. The officer heard someone say, "Wait a minute." An officer then forced open the door.

Four police officers testified. The first officer said when he entered the house, he smelled "a strong unmistakable odor of PCP.... It's got a distinct odor. It smells like PCP. It doesn't smell like gasoline or anything like that. It's a strong chemical."

The second officer said he "first smelled it [PCP in the house] when we went in the front door of the house." The third officer said when he went in the house, he smelled "the unmistakable odor of PCP." The fourth officer said, "When we first entered the residence I smelled the strong odor of PCP or phencyclidine."

The officers found defendant standing in her bedroom. They took her to the living room while they searched the house. Two officers climbed into the attic using a chair. There, they found three containers of PCP.

Officers also found crack cocaine on defendant's dresser. Defendant took two hundred dollars from a jogging suit hanging in her bedroom and turned it over to the officers.

The State also presented a deputy circuit clerk as a witness. She read from two files. One reflected that on April 3, 1989, defendant pled guilty to possession of PCP. The second indicated that on April 10, 1992, a jury found defendant guilty of trafficking PCP.

The defendant presented only one witness. This witness, an acquaintance of defendant's, testified that at the time of the incident, defendant's son lived with her. On cross examination, the witness acknowledged that the son had a pending criminal case against him for illegal possession of PCP. She also

said the son "lived there when he wasn't in prison."

## II. Evidence of Prior Convictions

■ Defendant's first point alleges the trial court erred in overruling her objection to the State's evidence of her prior convictions. She argues that this evidence prejudiced her "because it constituted evidence of uncharged PCP offenses which the jury would tend to use as proof of her guilt of the instant charge of trafficking PCP."

Prior to trial, the State filed a "Motion in Limine." A motion in limine normally seeks "to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to moving party that curative instructions cannot prevent predispositional effect on jury." Black's Law Dictionary 1013 (6th ed. 1990).

Here, the State's motion did not seek to prohibit defense counsel from doing anything. Rather, the State sought the trial court's permission to offer the prior convictions during the State's case in chief.

The State alleged the convictions were admissible "to show the Defendant's knowledge that the substances she possessed were illegal as well as the Defendant's common scheme or method of storing and keeping phencyclidine in gasoline cans." In effect, the State asked the trial court to rule on the admissibility of evidence before it was offered.

Defendant objected. Among other things, she contended the admission of the convictions would be contrary to the holdings in *State v. Bernard,* 849 S.W.2d 10 (Mo. banc 1993) and *State v. Sladek,* 835 S.W.2d 308 (Mo. banc 1992).

The trial court granted the State's request. In doing so, the trial judge said the prior convictions would "be admitted into evidence *for the sole purpose of proving knowledge,* which is an element of the charge that the defendant must be aware of the presence [of PCP] and its illegal nature." (emphasis added). The trial court permitted defendant to have a continuing objection which it overruled.

The clerk testified about the two convictions previously mentioned. It is this evidence which defendant challenges.

■ Recently, the Missouri Supreme Court reiterated the well-established rule regarding the exclusion of evidence of uncharged misconduct. *Bernard,* 849 S.W.2d at 13. Evidence of prior crimes, wrongs, or bad acts is generally inadmissible to show the defendant's propensity to commit the charged crime. *Id.*

■ However, the court recognized five enumerated exceptions to the general rule. *Id.* Evidence of other, uncharged misconduct has a legitimate tendency to prove the specific crime charged when it tends to establish (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan, or (5) identity. *Id.* If the evidence of prior misconduct "does not fall within one of the five enumerated exceptions[, it] may nevertheless be admissible if the evidence is [1] logically and [2] legally relevant." *Id.* (Brackets and numbers added).

■ Evidence is logically relevant if it has some legitimate tendency to directly establish the accused's guilt of the charges for which the accused is on trial. Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.*

Here, the State successfully argued at trial that defendant's prior convictions were admissible for the purpose of showing defendant's knowledge. Defendant's knowledge is not one of the five specifically enumerated exceptions to the general rule. Thus, we must determine if the evidence is nevertheless admissible, i.e., logically and legally relevant.

The prior convictions may be logically relevant in that they tend to directly establish an element of the current charge against defendant. However, they are not legally relevant. The probative value of the prior convictions does not outweigh their prejudicial effect.

The western district recently addressed and decided this issue in *State v. Dudley,* 912 S.W.2d 525 (Mo.App.W.D.1995). In that case, the defendant, Dudley, was charged

with possession of codeine, a controlled substance. *Id.* at 526. Over Dudley's objection, the State was allowed to introduce evidence of his prior conviction for the sale of codeine. *Id.*

The jury convicted Dudley, and the trial court sentenced him to five years imprisonment. *Id.* In reversing the judgment, the court said:

> There is a tendency for lawyers and judges to believe the proposition that other crimes evidence is *admissible* whenever there is an issue as to motive, intent, and so on. The danger here is to assume admissibility any time there is logical relevance. Stating the proposition simply as a function of logical relevance, without careful consideration of legal relevance, leads to the kind of difficulty presented in this case.

*Id.* at 528. (emphasis in original)

The court then went on to scrutinize the probative value of the evidence of Dudley's prior conviction. It disagreed with the State's argument that the evidence tended to show knowledge because a person who has previously possessed codeine with intent to sell is more likely to know codeine when he or she sees it. *Id.* at 529. The court noted that there was no evidence that the codeine possessed by the defendant at the time of the prior conviction was similar in appearance to that possessed during the charged possession. *Id.* Without such a foundation, the evidence of Dudley's prior conviction did little to show Dudley knew he possessed codeine when he was arrested this time. *Id.*

The court also pointed to the fact that the evidence of Dudley's prior convictions was unnecessary. *Id.* at 529–30. The State presented other circumstantial evidence to show Dudley's knowledge. *Id.* It presented evidence that he possessed marijuana and drug paraphernalia at the time of his arrest, and that he was hiding in his mother's attic. *Id.*

Finally, the court observed that, at the time the State offered the conviction, Dudley's knowledge was not really at issue. *Id.* at 529. He had not offered any evidence suggesting innocent possession. *Id.* Therefore, the jury could only infer that his possession was conscious.

Based on these factors, the court found minimal probative value in the evidence of Dudley's prior conviction. *Id.* at 531. Consequently, the court found that the prejudicial effect outweighed the probative value, making the evidence inadmissible. *Id.* It reversed the judgment and remanded the case for a new trial. *Id.*

The holding in *Dudley* is applicable here. Here, like *Dudley*, the State presented no evidence to show the PCP previously possessed by defendant was similar in appearance to the PCP found in her attic. Her convictions, without more, did nothing to prove she would have recognized PCP.

Furthermore, the State's evidence of defendant's prior convictions was unnecessary to prove defendant's knowledge. Knowledge may be proved by circumstantial evidence. *State v. Purlee,* 839 S.W.2d 584, 587 (Mo. banc 1992).

The State presented circumstantial evidence that defendant knew PCP was in her house. Defendant did not readily open the door for the police. When the police entered the house, defendant was the only person there. The smell of PCP in the house was "strong" and "unmistakable." Also, in her bedroom on a dresser, "amid a large amount of clutter," the police found crack cocaine.

The evidence of defendant's prior convictions added little probative value. On the other hand, the prejudicial effect of their admission was quite strong. The trial court erred in overruling defendant's objection. Point granted.

The trial court's judgment is reversed and remanded.

AHRENS, P.J., and PUDLOWSKI, J., concur.