**STATE of Missouri, Respondent,**

v.

**Ronald STANLEY, Appellant.**

**Ronald STANLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 20495, 21202.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 12, 1997.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

1. Statutory references are to RSMo 1994, unless otherwise indicated.

2. Rule references are to Missouri Rules of Court (1995). Appellant was sentenced on September 18, 1995, and his motion for postconviction relief was filed May 6, 1996. The current (1997) ver-

MONTGOMERY, Chief Judge.

A jury convicted Ronald Stanley (Appellant) of receiving property—a 1978 Harley–Davidson motorcycle—stolen from Mike Murdock in violation of § 570.080.[1] He was subsequently sentenced to fifteen years' imprisonment. Appellant brings appeal No. 20495 from this conviction.

While that appeal was pending, Appellant filed a motion to vacate, set aside or modify his conviction pursuant to Rule 29.15.[2] The motion court denied relief after an evidentiary hearing. Appellant brings appeal No. 21202 from that order. We consolidate Appellant's appeals in accordance with Rule 29.15(*l* ).

### Appeal No. 20495

Appellant does not challenge the sufficiency of the evidence. Accordingly we set forth the evidence presented at trial in the light most favorable to the verdict. On April 12, 1993, Mike Murdock noticed his 1978 Harley–Davidson motorcycle was missing. At the time of its disappearance the motorcycle was painted black. Prior to being painted black the motorcycle had a red paint job. Murdock had owned the motorcycle for approximately four years and did most of the necessary work on it himself. He had changed several parts on the motorcycle including the rear fender, the seat, the front fork assembly and wheel, and the carburetor.

On or about April 12, 1993, Appellant and his cousin, William Newton, brought a black motorcycle to the home where Appellant was residing with his girlfriend, Elizabeth Lewis. Appellant put the motorcycle in the garage. Over the next two or three days Appellant, Newton, and Lewis removed parts from the motorcycle and sanded the paint off the gas tank and fenders. A coat of red paint was underneath the black paint. Once they sanded the parts down to the metal, they applied blue paint and put the parts back on the

sion of the Rule 29.15(m) provides that in such circumstances, postconviction relief is governed by the version of Rule 29.15 in effect when the motion for postconviction relief was filed or December 31, 1995, whichever is earlier.

motorcycle. Appellant and Lewis took pictures of the motorcycle after they completed the work on it. Appellant subsequently rode the motorcycle, although he did not have a key for it. He later installed a new ignition switch on the motorcycle.

On April 24, 1993, Walter Weems discovered his Harley–Davidson motorcycle was missing. In the following weeks, Newton brought another motorcycle to Appellant's residence. The motorcycle was originally painted blue and silver but was given a black paint job after it was stolen. Weems received a tip from some friends that Appellant had his motorcycle. Weems later recovered the motorcycle from Appellant. When it was recovered, the motorcycle had several parts on it which were not there prior to being stolen, including tailpipes, spark plugs and wires, and the primary and points covers.

Weems called Murdock and asked him if the parts may have come from his missing motorcycle. Murdock identified the outer primary clutch cover, the exhaust pipes, and the kick-starter lever on Weems' motorcycle as parts that had previously been on his motorcycle.

Although Murdock's motorcycle was never recovered, Lewis eventually provided the police with the photos she took of the motorcycle Appellant brought to their residence. She also provided the police with several cans of blue paint.

The police showed the photos to Murdock. Although it was no longer painted black, Murdock identified the motorcycle in the photos as the one taken from his home. He positively identified the taillight, fender, seat, front end, wheels, dual disc brakes, gas caps, fuel filter and handlebar risers as those belonging to his motorcycle. Murdock also relied on the battery box with an eagle emblem on it, a new bleeder valve on the rear brake caliper, a starter relay switch he installed himself, and the unusual location of the license plate when making the identification. Murdock did note the motorcycle in the photo had an ignition switch between the gas tanks which was not present on his motorcycle when it was stolen.

After Appellant was charged with receiving stolen property, but prior to trial, Appellant filed a motion in limine seeking to preclude the State from presenting evidence that Weems' motorcycle was stolen. Appellant asserted that he was not charged with either stealing or receiving Weems' motorcycle and that this evidence would be highly prejudicial.

The State countered that Weems' motorcycle was stolen within one month of the disappearance of Murdock's motorcycle. The prosecutor explained Lewis would testify that Appellant had possession of both motorcycles. Furthermore, Murdock would identify some of the parts on Weems' motorcycle as having originally come from his missing motorcycle. The trial court denied the motion in limine.

At trial, the State presented evidence concerning Weems' motorcycle, including testimony from Lewis, Weems, and Murdock. At the beginning of this testimony Appellant's counsel stated, "If Your Honor please, let the record show I object to this line of testimony." This objection was overruled. After deliberations the jury returned a guilty verdict.

■ In his first point on appeal, Appellant claims the trial court erred in admitting into evidence testimony concerning the alleged theft and recovery of Weems' motorcycle.[3] Appellant contends this was inadmissible evidence of other, uncharged crimes. Appellant acknowledges trial counsel did not state any specific grounds for his objection to this line of testimony.

■ Appellant's non-specific objection preserves nothing for our review. "It is uniformly held in Missouri that specific objections are required to evidence, and the objection must call the attention of the trial court to the ground or reason for the objection." *State v. Bransford*, 920 S.W.2d 937, 944 (Mo.App.1996). Failure to state specific

---

3. Appellant's point also alleges trial court error in the denial of his motion in limine. We do not review this claim because a trial court's ruling on such motion "is interlocutory and only an

objection made at trial when evidence is offered will preserve the issue of the evidence for appellate review." *State v. Townsend*, 898 S.W.2d 118, 119 (Mo.App.1995).

grounds for an objection preserves nothing for review. *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1994). However, this Court determines that plain error review under Rule 30.20 is appropriate in this case.

■ Plain error review mandates that the accused bears the burden of showing that the trial court's action "was not only erroneous, but that the error so substantially impacted upon his rights that manifest injustice or a miscarriage of justice will result if the error is left uncorrected." *Bransford*, 920 S.W.2d at 944. Appellant fails to carry that burden.

■ Appellant correctly states that evidence of other, uncharged crimes is generally inadmissible for the purpose of showing the propensity of a defendant to commit criminal acts. *State v. Dudley*, 912 S.W.2d 525, 528 (Mo.App.1995). However, there are five commonly acknowledged circumstances when evidence of other crimes becomes admissible. Such evidence is generally deemed admissible when it has the tendency to establish motive, intent, absence of mistake or accident, common scheme or plan, or identity of the accused. *Id.* The common scheme or plan exception allows introduction of evidence embracing the commission of two or more crimes so related to each other that proof of an uncharged crime tends to establish the charged crime. *State v. Shaw*, 915 S.W.2d 775, 783 (Mo.App.1996). An additional exception is recognized in the admission of evidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged. *Harris*, 870 S.W.2d at 810. "This evidence is admissible to present a complete and coherent picture of the events that transpired." *Id.*

■ Evidence that Weems' stolen motorcycle was recovered from Appellant was admissible to show a common scheme or plan. Evidence that Appellant had Weems' "missing" motorcycle in his possession with parts that appeared to come from Murdock's motorcycle only weeks after it was missing, coupled with evidence that Appellant had recently sanded down, removed parts from, and repainted a motorcycle fitting the description of Murdock's, suggests Appellant had a plan to receive stolen motorcycles and

then repaint them after switching parts. *See Shaw*, 915 S.W.2d at 783 (holding that evidence of forged checks, other than those which were the subject of the prosecution, were properly admitted as part of a common plan or scheme to defraud).

Furthermore, the evidence that Appellant had in his possession Weems' recently stolen motorcycle with fresh parts from Murdock's recently stolen motorcycle is part of the sequence of events surrounding the offense charged. This evidence was admissible to paint a complete picture of the events leading to the discovery of parts from Murdock's motorcycle on a motorcycle in Appellant's possession. The evidence was relevant to show Appellant's possession of Murdock's motorcycle. *See Harris*, 870 S.W.2d at 810.

We cannot say the trial court committed plain error. Point I is denied.

### Appeal No. 21202

■ In his second point on appeal, Appellant contends the motion court erred in failing to issue findings of fact and conclusions of law when denying his Rule 29.15 motion for postconviciton relief. We agree.

In denying Appellant's motion for postconviction relief, the motion court merely made the following docket entry:

Ct overrules 1st Amended Motion & remands [Appellant] to custody of Dept of Corrections.

Rule 29.15(i) provides that the motion court "shall issue findings of fact and conclusions of law on all issues presented...." " 'There is no ambiguity in this directive and its requirements are not a mere formality.' " *State v. Deprow*, 937 S.W.2d 748, 751 (Mo. App.1997) (quoting *Burton v. State*, 895 S.W.2d 648, 649 (Mo.App.1995)). Failure by the motion court to make such findings of fact or conclusions of law without giving a basis for its actions leaves the appellate court "in the dark as to the reasons for the trial court's action and presents nothing of substance to review." *Id.*

As there were no findings of fact or conclusions of law, the order denying Appellant's Rule 29.15 motion is reversed.

The judgment rendered in No. 20495 is affirmed. The order appealed from in No. 21202 is reversed, and the case is remanded to the motion court for compliance with the mandate of Rule 29.15(i).

PARRISH, P.J., and BARNEY, J., concur.

