**STATE of Missouri, Respondent,**

v.

**Ronald DENNIS, Appellant.**

**No. WD 55041.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1999.

Application to Transfer Denied
June 1, 1999.

William Erdrich, St. Joseph, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

Ronald Dennis appeals the circuit court's judgment convicting him as a prior drug offender of possessing methamphetamine with the intent of delivering it. Dennis contends that the circuit court erred in accepting certain evidence, including a beaker, marijuana and pills, photographs, a jewelry store receipt, and evidence of statements by a confidential informant who did not testify at trial. We affirm the circuit court's judgment.

On January 15, 1997, officers of the Buchanan County Drug Strike Force served a search warrant at a house in Wallace. They obtained the search warrant after a confidential informant bought methamphetamine at the house on January 7, 10, and 15. When officers served the warrant, Dennis was in the house, and they arrested him. During their search of him pursuant to arrest, officers found a plastic bag containing two types of controlled drugs in one of his pants' pockets. Dennis had $2975 in cash in his wallet, including four $20 bills which officers had given to the informant to purchase drugs earlier that day.

In their search of the house, officers found two triple-beam scales, a 2000 milliliter glass beaker, a plastic bag ·with methamphetamine residue in it, another plastic bag containing 1.3 grams of methamphetamine, several guns, and a jewelry store receipt which listed Dennis' name and the house's address.

A jury convicted Dennis of the state's charge. The circuit court sentenced him to 14 years in prison as a prior and persistent offender.

■ First, Dennis contends that the circuit court erred in permitting evidence that officers found a glass beaker in the house because it wrongfully suggested to the jury that he had been manufacturing methamphetamine. This, he contends, was evidence of a crime with which he was not charged. Similarly, he contends that the circuit court erred in permitting evidence of pills which officers found in his pocket and marijuana which was purchased along with the methamphetamine on the day the search warrant was served. This, he argues, was also evidence of uncharged crimes which prejudiced the jury and denied him the right to a fair trial.

■ The circuit court's discretion in deciding whether to admit or exclude evidence is broad. *State v. Simmons,* 944 S.W.2d 165, 178 (Mo. banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 376, 139 L.Ed.2d 293 (1997). We should reverse on that ground only when the circuit court's decision was "clearly against the logic of

the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration[.]" *State v. Brown*, 939 S.W.2d 882, 883 (Mo. banc 1997).

Concerning the beaker, an officer testified that officers seized it because it was something that "could be used in the construction or the operation of the manufacturing of methamphetamine." The circuit court did not permit any further evidence concerning the beaker, including the state's offer of the beaker itself.

■ We need not decide whether the circuit court erred in allowing this minor reference to manufacture of methamphetamine because we do not discern sufficient prejudice to Dennis to render the matter reversible error, assuming it was error. Not all error is reversible error. Only prejudicial error is. *State v. Clemons*, 946 S.W.2d 206, 227 (Mo. banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 416, 139 L.Ed.2d 318 (1997). The evidence against Dennis was overwhelming. The officers' comment was the only evidence concerning manufacture of methamphetamine. The beaker was not admitted into evidence. The state made no reference to it in closing statement until after Dennis mentioned it in closing argument.[1] We discern no prejudice to Dennis and reject his contention that evidence of the beaker constituted reversible error.

■ The circuit court properly allowed evidence of the pills and marijuana found in Dennis' possession because it was probative of the element of intent, an essential element which the state was obligated to prove. *See* § 195.211, RSMo 1994. Evidence which would otherwise be inadmissible because its purpose is to establish misconduct that is separate and distinct from the crime for which the accused is being tried, can be allowed if it "is logically relevant [to the crime at issue], in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial . . . and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect." *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). Evidence of uncharged misconduct is generally admissible as having a legitimate tendency to prove the charged crime when it tends to establish motive, intent, absence of mistake, common scheme or plan, or identity of the person charged with the crime. *Id.* Such evidence also "may be admitted to demonstrate [a] defendant's knowledge of particular facts, giving inference of defendant's awareness of his or her commission of the crime charged." *State v. Clover*, 924 S.W.2d 853, 855 (Mo. banc 1996).

■ In Dennis' case, evidence of the marijuana and the pills was probative of Dennis' intent to possess methamphetamine. It gave rise to an inference that Dennis was involved or connected with other illegal drugs when he possessed methamphetamine, and it was admissible to show his intent and knowledge of the illegal nature and presence of that methamphetamine. *State v. Dudley*, 912 S.W.2d 525, 527 (Mo.App.1995); *State v. Steward*, 844 S.W.2d 31, 34–35 (Mo.App. 1992). Balancing of the probative value of evidence against the prejudicial effect of the evidence lies within the sound discretion of the circuit court. *Bernard*, 849 S.W.2d at 13. We do not perceive an abuse of discretion.

■ Dennis next contends that the circuit court erred in denying his motion for a mistrial after the prosecutor violated pretrial discovery rules by offering photographs without giving him copies before trial. He argues that the state's offer of the photographs surprised him and

---

1. Dennis referred to the beaker in his closing argument when he argued that officers had staged the pictures they took during their search. The prosecutor responded in rebuttal by countering Dennis' argument about the photographs, but she did not argue that the beaker was evidence of Dennis' guilt.

changed his entire defense theory. Because Dennis did not preserve this claim in his motion for a new trial, he asks us to review for plain error. We decline.

■ Unless a claim of plain error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,'" we should decline a request that we exercise our discretion to review the claim for plain error. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). Dennis does not present such a claim.

The issue arose during Dennis' cross-examination of an officer as to whether a piece of furniture was a "hutch." The officer replied he would have to see photographs which officers took during their search before he could positively identify the piece of furniture. Dennis immediately requested a mistrial, stating that he had never received copies of the photographs and that the prosecutor had violated discovery rules.

The prosecutor responded that Dennis should have known of the film because police evidence reports listed two rolls of film. She said that she had not asked that the film be developed until she had received on the day before trial copies of photographs of the house taken by Dennis. She said that, during trial, she had asked that the film be developed by a firm which developed it within an hour and that the developed photographs had not returned from the firm until after Dennis entered his objection.

The circuit court granted Dennis' request for a recess to review the photographs. The circuit court admonished the prosecutor that her disclosing the photographs earlier would have been a better practice. It asked Dennis to outline how he was prejudiced by the late disclosure. Dennis argued that the photographs were clearly staged. The circuit court responded that Dennis could cross-examine on that issue. Dennis then argued that the prosecutor's withholding the photographs was

prejudicial in and of itself and again requested a mistrial. The circuit court denied his request. Dennis requested no further relief and did not preserve this issue in his motion for a new trial.

■ The remedy for a discovery violation is within the circuit court's discretion. *State v. Kilgore,* 771 S.W.2d 57, 66 (Mo. banc), *cert. denied,* 493 U.S. 874, 110 S.Ct. 211, 107 L.Ed.2d 164 (1989). Declaration of a mistrial is a drastic remedy which the circuit court should reserve for times when all other remedies are inadequate. *State v. Smothers,* 605 S.W.2d 128, 132 (Mo. banc 1980), *cert. denied,* 450 U.S. 1000, 101 S.Ct. 1708, 68 L.Ed.2d 203 (1981). Nothing in our facial examination of this record gives us a basis for having a substantial ground for believing that injustice or a miscarriage of justice has occurred in this case. We decline plain error review.

■ Dennis next contends that the circuit court erred in allowing evidence of a jewelry store invoice addressed to Dennis at 17445 S.E. 11th Road in Dearborn. Officers found the invoice during their search of the house. Dennis argues that, because the bill listed the address as Dearborn but the search warrant listed the house's location as Wallace, the circuit court impermissibly allowed the prosecutor to stack inferences that the house where officers served the search warrant was Dennis' residence. Dennis did not object to the evidence when it was introduced at trial and did not raise the issue in his motion for a new trial. He acknowledges that he did not preserve the issue for our review, but he asks us to review it as plain error pursuant to Rule 30.20.

■ Again, we decline to review the issue as plain error. The record established that the officers served their warrant at 17445 S.E. 11th Road in Wallace, and they found Dennis in the house at that address. The store bill listed Dennis' address as 17445 S.E. 11th Road in Dearborn. Nothing facially causes us to believe that the addresses are not one in the same, especially given the uncontroverted testi-

mony that the Wallace house was probably served by a Dearborn mail route.

Dennis finally contends that the circuit court erred in denying his motion *in limine* and in overruling objections to exclude officers' testimony relating to the confidential informant's role in buying drugs from Dennis. Dennis' point preserves nothing for us to review. A circuit court's denial of a motion *in limine* is interlocutory and is subject to change during a trial. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992). Dennis was obligated to object again at trial to the evidence. He did not. Dennis did object to the officer's testimony, but not on the ground asserted in his point relied on. He never objected on the ground of hearsay that the prosecutor had not disclosed the informant's identity. We reject his point as not raising a cognizable issue on appeal.

The judgment of the circuit court is affirmed.

HAROLD L. LOWENSTEIN, Presiding Judge, and PATRICIA BRECKENRIDGE, Chief Judge, concur.