**Duncan SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 23271.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 5, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

BARNEY, Chief Judge.

Duncan Smith was convicted of possession of a controlled substance, § 195.202, RSMo 1994, driving while intoxicated, § 577.010, RSMo 1994, possession of drug paraphernalia, § 195.233, RSMo 1994, and failure to drive on the right half of the roadway, § 304.015, RSMo 1994. Smith was sentenced to terms of four years' imprisonment for possession of a controlled substance, six months' imprisonment for possession of drug paraphernalia, and ninety days' imprisonment for driving while intoxicated; sentences to be served concurrently. Smith was further fined fifty dollars for failure to drive on the right side of the roadway. Smith appealed and this Court affirmed. *See State v. Smith*, 979 S.W.2d 215 (Mo.App.1998).

Following the issuance of this Court's mandate on November 23, 1998, Smith filed a *pro se* motion to vacate, set aside or correct the judgment or sentence on February 1, 1999. An amended motion and a request for an evidentiary hearing followed on April 30, 1999. In his amended motion, Smith alleged that his appellate counsel was ineffective for two reasons: 1) he failed to argue on appeal that the trial court plainly erred in overruling Smith's motion to suppress the admission of a Crown Royal bag and drug paraphernalia; and 2) he failed to assert that the State violated Supreme Court Rule 25.03(A)(7) by not disclosing the correct name, address, and prior convictions of Robin Spencer.[1] The motion court denied Smith's Rule 29.15 motion by a docket entry dated August 30, 1999. Smith appeals from this denial, asserting one point of motion court error. Smith contends that the motion court clearly erred in denying his Rule 29.15 motion without issuing findings of fact and conclusions of law on all issues presented and requests a remand "for specific findings of fact and conclusions of law in compliance with 29.15(j)." The State agrees that the motion court clearly erred in denying the motion without making the required findings of fact and conclusions of law, and joins in asking for a remand.

Appellate review of a motion court's decision in a Rule 29.15 proceeding is limited to a determination of whether the findings of fact and conclusions of law made by the motion court are clearly erroneous. Rule 29.15(k), Missouri Court Rules (2000). Under Rule 29.15(j), a motion court is required to issue findings of fact and conclusions of law on all issues presented, whether or not an evidentiary hearing was held. *Id.; see Barry v. State*, 850 S.W.2d 348, 349–50 (Mo. banc 1993); *State v. Stanley*, 952 S.W.2d 327, 330 (Mo. App.1997); *see also Crews v. State*, 7 S.W.3d 563, 568 (Mo.App.1999) (discussion of exceptions to the general rule). " 'There is no ambiguity is this directive and its requirements are not a mere formality.' " *Kelley v. State*, 988 S.W.2d 563, 564 (Mo.App.1999) (quoting *State v. Deprow*, 937 S.W.2d 748, 751 (Mo.App.1997)). Generalized findings are sufficient so long as they permit the appellate court an adequate record for appellate review of a movant's claims. *See State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996); *Gilliland v. State*, 882 S.W.2d 322, 326 (Mo.App. 1994).

Here, no findings of facts or conclusions of law were presented from which a review could be had. Smith's sole point on appeal is sustained. The cause is remanded to the trial court so that the required findings of fact and conclusions of law may be made.

PREWITT, J., concurs.

GARRISON, J., concurs.

---

1. All rule references are to Missouri Court Rules (1999), unless otherwise noted.