Frankey CODAY, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 24966.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 19, 2002.

Rosalynn Koch, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Atty. Gen., for respondent.

JAMES K. PREWITT, Presiding Judge.

Following jury trial, Frankey Coday ("Movant") was convicted of murder in the first degree and armed criminal action. He received consecutive sentences of life without the possibility of probation or parole on the murder conviction and three years' imprisonment for the armed criminal action. This court affirmed those convictions on July 14, 1998, in a per curiam order and unpublished memorandum opinion, filed pursuant to Rule 30.25(b).

Movant filed a pro se Rule 29.15 motion on October 22, 1998, and an amended motion was filed on April 16, 1999. On April 19, 1999, Movant filed a motion to consider the first amended motion as timely filed.

The motion court entered an order of dismissal on January 14, 2002 for failure to prosecute, which instructed Movant that the case may be reinstated "only upon timely motion to reinstate and for good cause shown." The order further indicated that any motion to reinstate had to be filed within 30 days of the date of the order. Movant filed a motion to reinstate on February 8, 2002, which the motion court denied on April 2, 2002 by docket entry without findings of facts and conclusions of law. This appeal followed.

The evidence at trial showed that on November 23, 1990, M.L., then fifteen, was sexually assaulted and murdered in Wright County, Missouri. She left her home following an argument with her mother and voluntarily accepted a ride to her grandfather's residence from three men who were in a van owned and driven by Movant. The other men were Carlos Greathouse ("Greathouse") and Billy Ray Liles ("Liles"). The three men had consumed substantial amounts of alcohol.

M.L. drove around with the men for a period of time and at some point she and Liles had sexual intercourse. According to Liles' testimony, she then asked Movant if he wanted to have sex with her, but Movant declined. However, Greathouse was interested, but M.L. did not share his interest.

Greathouse and M.L. argued and Greathouse eventually exited the van. Movant also exited the van to go to the bathroom and a short time after he returned to the

van, Greathouse returned as well. Greathouse's reply to Lile's question, "Where's [M.L.]?" was, "Don't worry about that bitch—let's go."

The three men drove away and Greathouse later stated that he had hit her in the head with a rock because "she was going to turn him in for raping her." The three men returned to see if she was still alive and found her lying in a ditch. After determining that she was dead, they loaded her body into the van and decided to leave her in a briar patch.

Movant and Greathouse carried her body there and then began driving away, but later returned to retrieve her clothes. Greathouse burned her clothes at an old pallet mill after which time the three drove to Movant's residence and consumed more alcohol.

Lile's former girlfriend, Leslie Holloway, testified at Movant's trial that Movant told her that "they raped [M.L.] and hit her in the head with either a rock or a jack handle and left her to lay." Ms. Holloway also testified that Movant threatened her, telling her that she would receive the same fate as M.L. if she reported his participation in the murder to the police. At least two other witnesses at trial testified that they overheard Movant discussing his participation in the murder, including Movant saying that "they had picked M.L. up ... somewhere and had took her out and had raped her and beat her and killed her." *State v. Coday*, No. 21522, slip op. at 16 (Mo.App. July 14, 1998).

In the direct appeal, we found that the evidence presented by the State supported the hypothesis that Movant had committed the crime of first degree murder, either as a principal or as an accomplice, and that he deliberated in causing M.L.'s death. "Given the length of time that it took for [M.L.] to die and the nature of her multiple injuries, a reasonable inference can be made that [her] assailant[s] committed these acts after coolly deliberating on her death for some amount of time." *Id.* at 18–19. There was no issue raised on the direct appeal regarding the armed criminal action conviction.

In this post-conviction appeal, Movant raises two points. He first argues that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law on the issues raised in his Rule 29.15 motion. His second point is that the motion court clearly erred in dismissing his 29.15 motion for failure to prosecute.

■ Under Rule 29.15(k), our review is limited to a determination of whether the findings, conclusions, and judgments of the motion court are clearly erroneous. *Smith v. State*, 28 S.W.3d 889, 890 (Mo.App.2000). The findings and conclusions of the motion court are considered clearly erroneous only if a review of the entire record leaves us with a definite and firm conviction that a mistake has been made. *Barnum v. State*, 52 S.W.3d 604, 607 (Mo.App.2001).

■ The State concedes that Movant is correct that the motion court clearly erred in failing to enter findings of fact and conclusions of law as required by Rule 29.15(j), which deprived him of the opportunity for meaningful appellate review.

Rule 29.15(j) provides that "[t]he [motion] court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Although there are exceptions to the rule such that not every failure to enter a finding of fact or conclusion of law requires reversal and remand, the State concedes that none of those exceptions are present here. *White v. State*, 939 S.W.2d 887, 903 (Mo. banc 1997); *see also Morrison v. State*, 75 S.W.3d 893, 896 (Mo.App.2002) (exceptions include where the only issue is one of law or where it is clear that the movant is entitled to no relief as a matter

of law and would not be prejudiced if no remand).

The situation here is similar to that in *Mitchell v. State*, 50 S.W.3d 342 (Mo.App. 2001), where the movant's case was dismissed for failure to prosecute. *Id.* at 343. In *Mitchell* as here, the State conceded that the judgment must be reversed and the cause remanded for entry of findings of fact and conclusions of law. *Id.* As in *Mitchell*, we agree.

The judgment dismissing the Rule 29.15 motion is reversed and the cause is remanded to the motion court with directions for it to determine whether or not an evidentiary hearing should be held and to enter findings of fact and conclusions of law in either instance.

If the motion court determines that Movant is entitled to an evidentiary hearing, it shall set a date for an evidentiary hearing and give reasonable notice to Movant and his counsel of the date and the time thereof. *Id.*

RAHMEYER, C.J., and SHRUM, J., concur.