Joseph S. BURRIS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 26278.

Missouri Court of Appeals, Southern District, Division One.

June 3, 2005.

Jessica M. Hathaway, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for Respondent.

JAMES K. PREWITT, Judge.

Joseph S. Burris ("Appellant") was sentenced consecutively to a life term for first degree murder (§ 565.020, RSMo 1994) and fifty years for armed criminal action (§ 571.015.1, RSMo 1994). His convictions were affirmed. *State v. Burris,* 32 S.W.3d 583, 585 (Mo.App.2000). Appellant filed a *pro se* motion for post-conviction relief under Rule 29.15, on January 5, 2001. On November 17, 2003, the trial court dismissed the motion for failure to prosecute. On May 28, 2004, this Court granted leave to file a late notice of appeal. Following a notice of appeal, Appellant filed a "Motion to Remand Based on Newly Discovered Actual Conflict of Interest" in this Court on December 30, 2004.

Following Appellant's Rule 29.15 motion being filed in the trial court, counsel was appointed, and a First Amended Motion was filed on April 5, 2001, alleging that

Appellant's trial counsel was ineffective for failing to object when prosecutors made the following remarks during closing arguments:

> Joseph Burris is responsible for this murder, and one of the ways you can tell the community that you are tired of this kind of thing is to come back and say, Count 1, murder in the first degree, and the only possible penalty for that is life without the possibility of probation or parole.

Appellant contended that trial counsel's failure to object caused the prosecutor's personalization of the facts, both designed to inflame the jury by appealing to the conscience of the community, to go uncorrected. Appellant further argues that, had the objection been preserved on the record, the appellate court could have reviewed the issue as preserved error under an abuse-of-discretion standard, and "would have reversed the case for a new trial." Appellant insists this failure to preserve the error denied Appellant his rights to due process and effective counsel.

■ The circuit court dismissed Appellant's motion for failure to prosecute without entering findings of fact and conclusions of law. Appellant contends that Rule 29.15(j) states "the motion court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Cases agree. *See Smith v. State,* 28 S.W.3d 889, 890 (Mo.App.2000).

■ Respondent agrees that Appellant is correct that this matter should be reversed for failure of the trial court to make findings of fact and conclusions of law. A motion court's order to dismiss a case for failure to prosecute without issuing findings of fact and conclusions of law requires reversal and remand with directions to determine the need for an evidentiary hearing. *Coday v. State,* 92 S.W.3d 324, 326–27 (Mo.App.2002). *See also Mitchell v. State,* 50 S.W.3d 342, 343 (Mo.App.2001). This requires reversal and remand with directions to the motion court to issue findings of fact and conclusions of law.

■ In his motion filed here (and not raised in the trial court), Appellant requests remand for a new trial and, alternatively, an opportunity to amend his previously-amended Rule 29.15 motion based on "newly-obtained information" discovered by Appellant during preparation for this appeal and after his Rule 29.15 motion was denied by the trial court. Appellant claims this information points to an actual conflict of interest because the lawyers representing him at his criminal trial were also representing the owner of the facility where he was living when the incident occurred.

■ "Claims which were not presented to the motion court cannot be raised for the first time on appeal." *Amrine v. State,* 785 S.W.2d 531, 535 (Mo.banc 1990). "The effect of Rule 29.15(d) is to bar all claims not raised in a timely-filed pleading[,]" and a claim can only be considered to the extent it was raised at trial. *State v. Evans,* 992 S.W.2d 275, 295–96 (Mo.App. 1999). Rule 29.15 is designed to provide a single and unitary post-conviction remedy. *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo.banc 2001).

■ However, failure to meet time limitations set out in Rule 29.15 does not always preclude post-conviction relief. One such circumstance would be an issue of timeliness precluding discovery of a claim. *Brown v. State,* 66 S.W.3d 721, 726 (Mo.banc 2002). That, however, cannot be raised in a Rule 29.15 motion, but habeas corpus may be available. *Id. See also id.* at 730–31. Such relief should be sought, if at all, in the circuit court having jurisdiction over appellant. *Id.* at 732.

The judgment is reversed and remanded for the trial court to make findings of fact and conclusions of law regarding the disposition of Appellant's motion.

GARRISON, P.J., and RAHMEYER, J., concur.